## BRINKS EXPRESS CO. et al. v. FOSTER et al.

No. 22168. Opinion Filed July 21, 1931.

Rehearing Denied Jan. 26, 1932.

James C. Cheek and Albert L. McRill, for petitioners.

Fred M. Hammer and M. J. Parmenter, for respondent R. T. Foster.

J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondent State Industrial Commission.

CULLISON, J. This is an appeal from an award made by the State Industrial Commission under the provisions of the Workmen's Compensation Law of Oklahoma in favor of R. T. Foster, claimant, and against Brinks Express Company, employer, and its insurance carrier, General Accident Fire & Life Assurance Corporation.

The record may be epitomized as follows: February 20, 1930, claimant filed his claim for compensation with the Industrial Commission, alleging an injury to his head and shoulder sustained while riding in and guarding an armored truck for his employer. Said injury occurred December 24, 1929, when an interurban collided with a Brinks Express truck at Thirty-Second and Classen streets, Oklahoma City.

Pursuant to legal notice being given all parties, a hearing was had of the matter before Judge Doyle in Oklahoma City, September 15, 1930, to determine liability and extent of disability. An objection to the court's jurisdiction was first made by attorneys representing the employer and insurance carrier for the reason: "* * * Claimant was not employed in a hazardous undertaking within the meaning and contempla-

tion of the Workmen's Compensation Law." This was overruled, and evidence was received at that time, and at the continuation of said hearing on October 28, 1930.

On February 25, 1931, the Commission made an award to claimant for his temporary total disability, which was corrected on March 3, 1931, to show an award of $430.92.

In seeking to reverse this order and award of the Commission, the employer and its insurance carrier, petitioners herein, set out three assignments of error. The most serious one alleges that: "The Commission erred in finding that the claimant was engaged in a hazardous employment coming within and under the Workmen's Compensation Law of the state of Oklahoma." Upon this pivotal question, the case turns.

Section 7283, C. O. S. 1921, as amended Laws 1923, ch. 1, s. 1, lists the employments included in the Workmen's Compensation Act, including the term "transfer and storage." The uncontradicted evidence discloses that this claimant, respondent herein, was engaged in the business of guarding an armored truck which was used for the transportation of money and valuables. An excerpt from the evidence shows that petitioner Brinks Express Company was engaged in a trucking business. The respondent R. T. Foster testified, on cross-examination:

"Q. You say the business of that truck was to transport money from one house to another? A. Yes, sir. Q. That is all they do, to transport money from one place to another? A. Yes, sir." (R. 11).

Mr. Hall, branch manager of the Brinks Express Company, testified (R. 27):

"Q. Mr. Hall, I will ask you to state to the Commission just what the particular line or lines of duties your employees have to do? A. Our business is transportation of money and values (valuables). Q. That is, in this armored car? A. Yes, handling money and valuables. Q. That is, you transfer money and valuable silverware? A. From one bank to another, and individuals, dry goods stores, department stores, and anybody that has money to handle."

The armored car was equipped with high-powered rifles and revolvers, and there is no doubt but that respondent was engaged in a hazardous occupation, but the sole question for determination is whether or not such an occupation comes within the provisions of the Compensation Law.

The term "transfer and storage" has been construed by this court. In the case of Gypsy Oil Co. v. Keys, 147 Okla. 148, 295 Pac. 612, Mr. Justice Swindall, speaking for

this court, held that an employee engaged in the business of trucking was not in the "transfer and storage" business, did not come under the act, and that an injury sustained by the truck driver was not compensable. Syllabus paragraph 2 of that well-considered opinion said, in substance, that owners or operators of motor truck, authorized to operate as motor carriers for compensation, were held not within the provisions of the Compensation Law covering the industries and business enterprises specifically enumerated and designated in section 7283, C. O. S. 1921, amended by sec. 1, ch. 61, S. L. 1923. In other words, the term "transfer and storage" was held to be read as one word, it being necessary that both the elements of "transfer" and of "storage" be included in the occupation in question.

The Motor Vehicle Act Enforcement Fund Act, chapter 253, S. L. 1929, amending chapter 113, S. L. 1923, defines the term "motor carrier" as follows:

"The term 'motor carrier,' when used in this act, means any person, firm, business trust, or corporation, lessee or trustee or receiver, operating any motor vehicle with or without trailer or trailers attached, upon any public highway for the transportation of passengers or property for compensation. * * *" Sec. 1 (b).

Undoubtedly the petitioner Brinks Express Company is a "motor carrier" within the meaning of this law. The Gypsy Oil Co. Case, supra, holds that the term "transfer and storage," in that provision for awarding compensation in designated employments, does not include "motor carriers," and such holding is controlling of the facts presented for review.

We are of the opinion that the respondent herein was not employed in a hazardous occupation which comes within and under the Workmen's Compensation Law of the state of Oklahoma, and hold that the award made to the respondent should be vacated, set aside, and held for naught. The order of the Industrial Commission, as corrected March 3, 1931, is hereby reversed, and the case remanded, with directions to dismiss the claim of the respondent R. T. Foster.

RILEY, HEFNER, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., CLARK, V. C. J., and KORNEGAY, J., dissent.

### On Rehearing.

McNEILL, J. It was contended on the part of respondent that the petitioner Brinks Express Company came within Class "B" of section 10, chapter 253, Session Laws 1929, known as the Motor Vehicle Act, which contains the following provision:

"That all class 'A' and 'B' carriers shall maintain compensation insurance upon all employees engaged in the operation of motor carriers as herein provided under the Workmen's Compensation Laws of this state"

—and that by reason thereof the respondent, an employee of petitioner, who sustained a personal injury arising out of and in the course of his employment, was entitled to compensation under the provisions of the Workmen's Compensation Law.

On the part of the petitioners, it was urged upon rehearing that such provision of the 1929 Motor Vehicle Act was void and of no force and effect because it violates section 57 of article 5 of the Constitution. There is no expression which can be construed as a reference to the Workmen's Compensation Law, or to compensation thereunder, in the title to chapter 113, Session Laws of 1923, nor in the title to the said Motor Vehicle Act, which act was an amendment to said Act of 1923. In the said Act of 1929, there is no language which expressly makes such labor as was performed by the respondent "hazardous employment," as contemplated by the Workmen's Compensation Law, but it does so by intendment. However, should we give effect to this plain intendment, the same would be unconstitutional as violative of section 57 of article 5 of the Constitution, in that such amendment to the Workmen's Compensation Law is not embraced within the subject of the act as expressed in the title and is not germane thereto.

We therefore hold that the above-mentioned provision of said Motor Vehicle Act of 1929 is imperfect, inoperative, and not applicable as an amendment to the Workmen's Compensation Law. The business in which petitioner was engaged does not come within that class of employment specifically designated in section 7283, C. O. S. 1921, as amended by Session Laws 1923, ch. 61, s. 1.

The petition for rehearing is denied.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, and ANDREWS, JJ., concur. HEFNER, J. concurs in conclusion. CLARK, V. C. J., and KORNEGAY, J., dissent.