## FOLLOWWILL et al. v. MARSHALL et al.

No. 22504. Opinion Filed Nov. 17, 1931.

Jas. C. Cheek, for petitioners.

H. M. Shirley and J. Berry King, Atty. Gen., for respondents.

LESTER, C. J. This is an original action to review an award of the Industrial Commission allowing the claimant additional award on account of change in condition by reason of injury received by the claimant while working for one of the petitioners herein. The original award was made to the claimant by the Commission on the 6th day of December, 1930, and this award was satisfied by the total payment of $329.40 to the claimant.

There are several propositions discussed in plaintiffs' brief, but only one of them challenges serious attention and that is whether or not the evidence shows that the employer comes within the terms of the Workmen's Compensation Act.

The evidence shows the employer was engaged in the hauling of goods, wares, and merchandise by the use of trucks. The claimant proceeded on the theory that it was sufficient to bring the employer within the terms of the Workmen's Compensation Act by showing that he was engaged in the transfer business.

It appears that the employer had procured a permit to use trucks for the purpose of delivery under class B. Section 1 of

chapter 253, Session Laws 1929, subdivision b, reads as follows:

"The term 'motor carrier,' when used in this act, means any person, firm, business, trust, or corporation, lessee or trustee or receiver, operating any motor vehicle with or without trailer or trailers attached, upon any public highway for the transportation of passengers or property for compensation, and for the purpose of this act, motor carriers shall be divided into three classes, as follows:

"1. Class 'A' motor carriers shall include all motor carriers operating as common carriers of persons, or property between fixed termini or over a regular route, even though there be periodic or irregular departures from said termini or route, and

"2. Class 'B' motor carriers shall include all other motor carriers not operating as Class 'A' and 'C' motor carriers, whether as private carriers or common carriers, of persons or property."

Section 7283 C. O. S. 1921, as amended by section 1 of chapter 61, Session Laws of 1923, enumerates and designates certain classes of industries and business enterprises which come within the meaning of the Workmen's Compensation Law and enumerates transfer and storage as coming within the said act.

In the case of Gypsy Oil Co. v. Keys, 147 Okla. 148, 295 P. 612, this court announced the following rule:

"Owners or operators of motor trucks hauling property for the public for compensation and authorized to operate as 'motor carriers,' under 'class B' permits granted by the Corporation Commission under chapter 253, Session Laws of 1929, do not come within the meaning of the industries and business enterprises covered by the Workmen's Compensation Law."

The Legislature, in providing that compensation should be paid for injuries to employees engaged in certain hazardous employment and enumerating therein transfer and storage as coming within the classification, evidently considered transfer and storage of goods as correlated. In our judgment, under the rule laid down by this court, it is necessary to show that an employer is engaged in both storage and transfer before he comes within the terms of said act, as herein shown. One who operates as a "Class B" motor carrier under section 1, chapter 253, Session Laws 1929, is permitted to transfer personal property.

The award of the Industrial Commission is reversed, with directions to ascertain whether or not the employer was engaged in the business of storing goods in addition to transferring them.

CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY and ANDREWS, JJ., absent.