## HASTY MESSENGER SERVICE et al. v. McCARTNEY et al.

No. 22472. Opinion Filed Feb. 23, 1932.

M. C. Rodolf and J. B. Houston, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and Dewberry & Warren, for respondents.

ANDREWS, J. This is an original proceeding in this court to review an award of the State Industrial Commission in favor of the respondent herein against the petitioner. Herein the respondent will be referred to as the claimant.

The petitioner was engaged in a transfer business operating cars and motor trucks in the city of Tulsa. It had a class "B" permit by the Corporation Commission of the state of Oklahoma, and it was licensed to operate a messenger service within the city of Tulsa. The claimant was employed by the petitioner as a "helper on truck." At the time of the accident the claimant was engaged in transferring some trunks. While unloading one of the trunks in an express room he fell from the truck and received an injury to his left arm. He filed his claim for compensation with the State Industrial Commission against the petitioner and insurance carrier.

The petitioners denied liability on the grounds that the State Industrial Commission was without jurisdiction to hear said cause for the reason that the Hasty Messenger Service was not engaged in any class of employment which came within the provisions of the Workmen's Compensation Act. A hearing was had and the State Industrial Commission found that the claimant was in the employ of the petitioner and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Act.

The petitioners contend that the business in which the petitioner was engaged is not such a business or employment as come under the provisions of the Workmen's Compensation Act.

The claimant contends that a Class "B" motor carrier is a hazardous employment by virtue of a provision of section 10, ch. 253, Session Laws 1929, and that the petitioner was engaged in the "transfer and storage" business, which is enumerated in the list of hazardous employments in section 7283, as amended by chapter 61, sec. 1, Session Laws 1923. We held to the contrary in Gypsy Oil Co. v. Keys, 147 Okla. 148, 295 P. 612, Followwill v. Marshall, 153 Okla. 120, 5 P. (2d) 149, and Brinks Express Co. v. Foster, 154 Okla. 255, 7 P. (2d) 142. Those decisions are controlling.

While there was some evidence that the petitioner kept over night articles that could not be delivered during the day, there is no evidence that he conducted a transfer and storage business.

The employment was not within the provisions of the Workmen's Compensation Act, and for that reason the award is vacated. The cause is remanded to the State Industrial Commission, with directions to dismiss the claim.

LESTER, C. J., CLARK, V. C. J., and HEFNER, McNEILL, and KORNEGAY, JJ., concur. RILEY, CULLISON, and SWINDALL, JJ., absent.