## FOLLOWILL et al. v. MARSHALL et al.

No. 23336.  Opinion Filed May 31, 1932.

James C. Cheek and Frank E. Lee, for petitioners.

H. M. Shirley and J. Berry King, Atty. Gen., for respondents.

RILEY, J. This is a second proceeding to review an award of the State Industrial Commission.

The employer was engaged in the business of transporting property for hire by truck under a class B permit from the Corporation Commission issued under the provisions of chapter 253, S. L. 1929.

The original award was made to claimant December 9, 1930, and was satisfied by the total payment of $329.40 to the claimant. Thereafter proceedings to reopen were had and further compensation awarded. Proceedings to review were prosecuted in this court and the award was reversed upon the sole ground · that there was no evidence whatever to show that the employer was engaged in the "transfer and storage" business, and the cause was remanded to the Industrial Commission with directions to ascertain whether or not the employer was engaged in the business of storing goods in addition to transferring them. Followill v. Marshall, 153 Okla. 120, 5 P. (2d) 149.

Upon reversal of the cause further hearing was had before the State Industrial Commission and by agreement of parties the testimony taken was restricted exclusively to the question of whether or not the employer, Followill, was, at the time of the accidental injury of claimant, engaged in the transfer and storage business.

The only witness was the employer, Carl Followill. His testimony, in substance, shows that under his class B permit, he, at the time claimant was injured, was engaged in general hauling; chiefly oil field equipment; that sometime in the course of the work some of the equipment he was engaged to transport was required to be moved from one location and could not be immediately delivered to the new location. For his own convenience, Followill made arrangements with the owner of a gasoline filling station to permit him to unload such equipment on a vacant lot, the consideration therefor being that Followill was to buy gasoline, oil, and grease from the owner of the filling station. He also kept his trucks on the lot when not in use; that when he had equipment for transfer that could not be delivered for a few days he would sometimes unload the equipment and leave it on the lot until it could be delivered. He made no charge against any of his customers for storage of such equipment. It appears that storage of goods for compensation was never a part of his business.

After the cause was remanded and after the further hearing before the State Industrial Commission, the cause of Hasty Messenger Service v. McCartney, No. 22472, 155 Okla. 192, 8 P. (2d) 716, was decided. Therein it was held:

"The clause 'transfer and storage' in section 1, ch. 61, S. L. 1923, does not include a transfer business unless it is operated in connection with a storage business."

In the body of the opinion it is said:

"While there was some evidence that the petitioner kept over night articles that could not be delivered during the day, there is no evidence that he conducted a transfer and storage business."

Under the evidence in this case the deposit of the oil field equipment on the lot was merely incidental to the transportation thereof. It did not in any way affect the compensation received for the transportation of the equipment. Whether it was kept there merely over night or any number of days, if the deposit was merely for the convenience of the carrier, such carrier was not engaged in the "storage" business. It was no substantial part of his business and did not in any way affect the income derived therefrom.

In Brinks Express Co. et al. v. Foster et al., 154 Okla. 255, 7 P. (2d) 142. it is said that the term "transfer and storage," as used in section 1, ch. 61, S. L. 1923, has been held to be read as one word. That is, as defining a business enterprise. Therefore, where the deposit is material in course of being transported by a motor carrier operating under a class B permit on the premises of the operator for his convenience only, and where no compensation is charged for the service of storage, it cannot be said that storage is a part of the business enterprise. It neither adds to nor takes from the income or compensation derived by the operator from his business enterprise.

We can see no difference in principle between merely keeping over night articles that could not be delivered during the day, and keeping same for several days. There is no evidence in the record to show that the employer was engaged in the business of "transfer and storage," within the meaning of that term as used in section 1, ch. 61, S. L. 1923. The award is vacated and set aside, and the cause is remanded to the State Industrial Commission, with directions to dismiss the claim.

HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent.