## THE WARDWAY, Inc., et al. v. GARLAND et al.

No. 22669.  Opinion Filed Dec. 20, 1932.

Rehearing Denied March 28, 1933.

Owen & Looney and Paul N. Lindsey, for petitioners.

Robert D. Crowe, Asst. Atty. Gen., and E. O. Clark, for respondents.

SWINDALL, J.  On December 1, 1930, Raybon Garland, as claimant, filed a claim with the State Industrial Commission against The Wardway, Inc., respondent, and the United States Fidelity & Guaranty Company, as insurance carrier, for compensation under the Workmen's Compensation Law, in which he states his occupation as bus driver for The Wardway, Inc. The respondent is a class A motor carrier, operating as a common carrier of persons and property by virtue of a certificate issued to it by the Corporation Commission of the state of Okla-

homa under chapter 113, Session Laws 1923, as amended by chapter 253, Session Laws 1929. The State Industrial Commission after hearing evidence found that claimant sustained an accidental personal injury arising out of and in the course of his employment with the respondent on January 16, 1930, nature of said injury being inhalation of carbon monoxide gas causing carbon monoxide poisoning to the claimant's system, and awarded compensation for total temporary disability at the rate of $18 per week from July 26, 1930, less the five-day waiting period to July 9, 1931, at the same rate until otherwise ordered by the Commission, and also such reasonable medical expenses as has been incurred by the claimant by reason of said injury.

The respondent and insurance carrier have commenced this proceeding in this court to review said award. The evidence upon the question that the petitioner The Wardway, Inc., is a motor carrier operating as a common carrier of persons and light express up to 75 pounds is undisputed.

The first proposition stated and discussed in the brief of petitioners is that there is no evidence to support the finding of the Commission that the claimant sustained an accidental personal injury, and that his disability was due to the accidental personal injury. Upon this issue it is the contention of the petitioners that the claimant's disability, if he really had a disability, was not due to an accidental personal injury, but to an occupational disease. The major portion of the brief of petitioners and respondents is devoted to a discussion of that issue. The petitioners next urge that the State Industrial Commission did not have jurisdiction to make an award for compensation for the reason that the occupation in which claimant was working is not covered by the Workmen's Compensation Law. To support this contention the petitioners rely upon the rule of law as announced by this court in Gypsy Oil Co. v. Keys, 147 Okla. 148, 295 P. 612; Followwill v. Marshall, 153 Okla. 120, 5 P. (2d) 149; Brinks Express Co. v. Foster, 154 Okla. 255, 7 P. (2d) 142; Hasty Messenger Service v. McCartney, 155 Okla. 192, 8 P. (2d) 716. In opposition to the contention of the petitioners, the respondents contend that the findings of the Commission that the business conducted by the respondent The Wardway, Inc., was within the provisions of the act defining hazardous employments, and that it had jurisdiction of the injury sustained by claimant, is amply sustained by the evidence consisting of the admission of Attorney Duffy, the legal presumption provided by section 7295, C. O. S. 1921 [O. S. 1931, sec. 13361], and the direct and positive testimony of the witnesses. To sustain their contention the respondents herein rely upon section 7295, C. O. S. 1921 [O. S. 1931, sec. 13361], and Dillon v. Dillman, 133 Okla. 273, 272 P. 373; Bishop v. Wilson, 147 Okla. 224, 296 P. 438; Ft. Smith Aircraft Co. v. State Industrial Commission, 151 Okla. 67, 1 P. (2d) 682.

In Gypsy Oil Co. v. Keys, supra, we held that:

"Section 7283, C. O. S. 1921, as amended by section 1, chapter 61, Session Laws 1923, enumerates and designates the classes of industries and business enterprises which come within the meaning of the Workmen's Compensation Law."

Section 7284, C. O. S. 1921 (sec. 13350 O. S. 1931), defines "hazardous employment" as manual or mechanical work or other labor connected with or incident to one of the industries, plants, factories, lines, occupations, or trades mentioned in section 7283, C. O. S. 1921 (section 13349, O. S. 1931), except employees engaged as clerical workers exclusively, and shall not include any one engaged in agriculture, horticulture, or dairy or stock raising, or in operating any railroad in interstate commerce. Subdivision 10 of that section defines "factory" as, "any undertaking in which the business of working at commodities is carried on with power-driven machinery, either in manufacture, repair, cleaning or sorting, and shall include the premises, yard, and plant of the concern, but shall not include any such plants or machinery used on farms." Subdivision 11 defines "workshops" as, "any premises, yard, room or place wherein power driven machinery is employed and manual or mechanical labor is exercised by way of trade for gain or otherwise or incidental to the process of making, altering, repairing, printing, or ornamenting, cleaning, finishing, or adapting for sale or otherwise any article or part of article, machine or thing over which premises, room, or place, the employer of the person working therein has the right of access or control." It is clear that under the evidence in this case the respondent Raybon Garland does not bring himself within the definition of the hazardous employments mentioned in section 7283, C. O. S. 1921 [O. S. 1931, sec. 13349], or the definition of "factory" or "workshop" as defined in section 7284, C. O. S. 1921 [O. S. 1931, sec. 13350]. Therefore, the presumptions under section 7295, C. O. S. 1921 [O. S. 1931, sec.

13361], are not to be indulged in his favor, for the section expressly provides that:

"In any proceeding for the enforcement of a claim * * * under this act, it shall be presumed in the absence of substantial evidence to the contrary: · .

"1. That the claim comes within the provisions of this act. * * *"

The presumptions relate only to employments coming within the provisions of the Workmen's Compensation Law and not to persons employed by employers operating under some other act, unless the facts bring some department or branch of such business or industry under the act.

It is admitted by the respondents that the claimant was driving a bus operated by The Wardway, Inc., by virtue of a certificate issued to it by the Corporation Commission of the state of Oklahoma under chapter 113, Session Laws 1923, as amended by chapter 253, Session Laws 1929. The subject of the act of 1923, chapter 113, is as follows:

"An act providing for the supervision, regulation and conduct of the transportation of persons, freight, and property for compensation over the public highways of the state of Oklahoma by motor vehicles, conferring jurisdiction upon the Corporation Commission, providing for the enforcement of the provisions of this act, and for the punishment for violations thereof, repealing all acts inconsistent with the provisions of this act, and declaring an emergency."

The subject of chapter 253, Session Laws of 1929, is:

"An Act amending chapter 113, Session Laws of Oklahoma 1923, creating a fund to be known as the Motor Vehicle Act Enforcement Fund, making an appropriation for the enforcement of said act, levying a tax appropriating the proceeds thereof and providing for the collection of said tax and the enforcement of the provisions of chapter 113, Session Laws of Oklahoma, 1923, as amended, repealing section 5 of chapter 113, Session Laws of Oklahoma, 1923, and all acts and parts of acts in conflict herewith, and declaring an emergency."

There is nothing in the title of either of these acts relating to the Workmen's Compensation Law. While it is true that the proviso in section 10, chapter 253, supra, provides:

"That all class 'A' and 'B' carriers shall maintain compensation insurance upon all employees engaged in the operation of motor carriers as herein provided under the Workmen's Compensation Laws of this state". .

—however, we pointed out in Brinks Express

Co. v. Foster, supra, that this proviso was of no force and effect because it violates section 57 of article 5 of the Constitution, which provides that:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be reenacted and published at length; Provided, that if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

It could not be contended that the subject of amending the Workmen's Compensation Laws is clearly expressed in the title to chapter 253, and if it were, the act would be unconstitutional for the reason that more than one subject was embraced in the act.

We do not think that Dillon v. Dillman, supra, is in point for the reason that in that case the claimant alleged that he was employed in a hazardous employment—that of team foreman for a teaming contractor. Contractors come within the terms and provisions of the Workmen's Compensation Law. Bishop v. Wilson, supra, is not in point for the reason that the filling station where the claimant worked was a two-room building with three gasoline pumps, the air coming from a compressor, and one of the rooms was used for a repair shop, and we held that under the facts in the case there was sufficient evidence to show that the employee was performing manual work in a workshop as that word is defined in section 7284, supra. In Ft. Smith Aircraft Co. v. State Industrial Commission, supra, we held that under the evidence the claimant brought himself within the definition of a factory and workshop employee, as defined by section 7284, but which is not true with the case now under consideration, and we adhere to the rule announced in Gypsy Oil Co. v. Keys, that section 7283, C. O. S. 1921 [O. S. 1931. sec. 13349]. enumerates and designates the class of industries and business enterprises which come within the meaning of the Workmen's Compensation Law. We also hold that owners or operators of motor vehicles for the transportation of passengers or property for compensation under class A permits issued by the Corporation Commission under chapter 113, Session Laws 1923, as amended by

chapter 253, Session Laws 1929 (Sp. Sess.) do not come within the meaning of the industries and business enterprises covered by the Workmen's Compensation Law.

Having arrived at the conclusion that the State Industrial Commission was without jurisdiction to make the award, it is not necessary to consider the other questions discussed in the briefs.

For the reasons herein stated, the award is vacated, with directions to the State Industrial Commission to dismiss the claim for want of jurisdiction.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and ANDREWS, J., absent.