## JONES & SPICER et al. v. McDONNELL et al.

No. 24167. Opinion Filed July 5, 1933.

Clayton B. Pierce, A. M. Covington, and S. N. Bunch, for petitioners.

Ralph H. Schaller, for respondent Lawrence McDonnell.

BUSBY, J. This is an original proceeding instituted in this court for the purpose of reviewing an award of the State Industrial Commission.

The petitioners in this court were respondents and insurance carriers, respectively, before the Industrial Commission. The parties will be referred to as petitioners and claimant, respectively.

The claimant received an accidental personal injury arising out of and in the course of his employment on or about December 20, 1931. On that date he was driving a truck belonging to his employer, Jones & Spicer, petitioners herein. He was going from Oklahoma City to a point about two miles from the town of Covington, Okla., for the purpose of getting a load of steel which his employer had agreed to haul for a money consideration from the place where it was located to the establishment of the Star Manufacturing Company in Oklahoma City.

The truck which the claimant was driving ran out of gasoline at Covington. At the time it stopped it was about three blocks from a filling station. The claimant started toward the station on foot to get gasoline. There had been a rain, the pavement was wet and slippery. A passing car skidded, striking claimant and knocking him into the ditch by the side of the street. Claimant received a blow on the head and a scalp wound. The Commission found that as a result of this injury the claimant suffered

temporary total disability for a period of 18 days and permanent disability consisting of 15 per cent. loss of vision of his left eye, and awarded compensation accordingly.

The only question presented in this proceeding was whether the claimant was engaged in one of those classes of hazardous employment falling within the terms and provisions of the Workmen's Compensation Act as set out in section 13349, O. S. 1931.

The motor truck being driven by the claimant was operated under a class B permit from the Corporation Commission, and was being used to transport property for the public for compensation.

The petitioners urge that a truck driver driving such a truck is not engaged in one of the hazardous employments enumerated in section 13349, supra. In this connection our attention is called to the previous decisions of this court in the cases of Gypsy Oil Co. v. Keys, 147 Okla. 148, 295 P. 612; Followill v. Marshall, 153 Okla. 120, 5 P. (2d) 149; Brinks Express Co. v. Foster, 154 Okla. 255, 7 P. (2d) 142; Hasty Messenger Service v. McCartney, 155 Okla. 192, 8 P. (2d) 716. These cases support the position taken by the petitioners. In the last-mentioned case the applicable rule of law as stated in the syllabus of the court is as follows:

"1. Owners or operators of motortrucks hauling property for the public for compensation and authorized to operate as 'motor carriers', under 'class B' permits granted by the Corporation Commission under chapter 253, sec. 10, Session Laws 1929, do not come within the meaning of the industries and business enterprises covered by the Workmen's Compensation Act.

"2. The clause 'transfer and storage' in section 1, chapter 61, Session Laws 1923, does not include a transfer business unless it is operated in connection with a storage business."

In response to the petitioners' contention, the claimant urges that Jones & Spicer operated a storage business in conjunction with the transfer business, and was, therefore, engaged in the "transfer and storage" business within the meaning of the Workmen's Compensation Act. An examination of the record discloses that the business activities of Jones & Spicer were somewhat diversified, but the record does not support the position of the claimant. The witnesses familiar with the business transactions of the business all testified that a storage business was not conducted. One transaction is mentioned in connection with the business in which some lumber had been hauled by the petitioners for a consideration and had been placed in the yard where trucks were kept until the customer could dispose of the same. In connection with this lumber an agreement had been made that the petitioners Jones & Spicer were to be paid $1 per thousand feet for lumber for checking the same when it should be disposed of by the customer. Assuming that this charge was a storage charge, and that the transaction referred to constituted a storage contract (which is extremely doubtful), it cannot be said that a single isolated storage transaction would place the employer in the "transfer and storage" business.

It is also urged that the employment of the claimant came within the provisions of the Workmen's Compensation Act because the claimant, during a portion of his time, worked in a repair shop in which the trucks belonging to the employer were repaired. A specific showing that power-driven machinery was used in this shop was not made. Assuming, however, that it was a "workshop" where power-driven machinery was used, as contemplated by section 13349, supra, and by subdivision 11 of section 13350, O. S. 1931, and that the claimant spent a great deal of his time working therein, the controlling fact remains that he also regularly spent a portion of his time as a truck driver in hauling property for the public for hire with a truck operating under a class B permit from the Corporation Commission, and that at the time he was injured he was so occupied. The duties then being performed by him were in no manner connected with or incident to the operation of the workshop. The claimant was, therefore, not engaged in a hazardous occupation within the meaning of the Workmen's Compensation Law at the time he received his injury. In the case of Ferris v. Bonitz, 149 Okla. 129, 299 P. 473, this court, speaking through Justice Andrews, recognized the principle that where an employee whose duties are nonhazardous within the provisions of the Workmen's Compensation Act, but who also has hazardous duties to perform which are within the provisions of the act, receives an injury arising out of and in the course of the nonhazardous employment, the Workmen's Compensation Act does not apply, and compensation for the injury sustained cannot properly be awarded by the State Industrial Commission.

We, therefore, hold that since the injury sustained by the claimant was received by him while he was engaged in a nonhazard-

ous employment within the contemplation of the Workmen's Compensation Act, no award could properly be made by the Commission. The award of the Commission will be vacated, with instructions to dismiss the case.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and BAYLESS, JJ., concur. ANDREWS and WELCH, JJ., absent.