## HOLLAND v. BYERS DRILLING CO. et al.

No. 24593.   Nov. 21, 1933.

Rehearing Denied Dec. 12, 1933.

Hammer & Parmenter, for petitioner.

Hayes, Richardson, Shartel, Gilliland & Jordan (Lynn Adams, of counsel), for respondents.

CULLISON, V. C. J.   This is an original proceeding in this court to review an order of the State Industrial Commission made and entered on the 15th day of March, 1933, wherein the petitioner, George Holland, was denied compensation for an injury arising out of and in the course of his employment with the respondent Carl Followill.

The record shows that on April 19, 1932, claimant filed a claim with the Commission, alleging that on April 2, 1932, while working as an employee of Carl Followill, he received a back injury.   Said claimant made the following parties corespondents: Byers Drilling Company, Independence Indemnity Company, C. V. Woods, and Aetna Life Insurance Company.   Answers were filed by Carl Followill and the Byers Drilling Company, setting up the defense that claimant was not engaged in a hazardous occupation within the meaning of the Workmen's Compensation Law at the time of his injury, and challenging the jurisdiction of the Commission over the claim.   On June 14, 1932, a hearing was had and evidence introduced, at the close of which respondents interposed a demurrer to the testimony, which demurrer was by the court sustained, and an order entered on July 9, 1932, wherein the Commission refused to assume jurisdiction.

Thereafter, a motion was filed with the Commission to set aside the order of July 9th and reopen the cause.   On August 8, 1932. the Commission set aside its order of July 9, 1932.   The cause came on for final hearing January 6, 1933:   At the close of the evidence introduced the respondents renewed their demurrer, and on March 15, 1933, the Commission made and entered its order, holding that the respondent Carl Followill was not engaged in a hazardous occupation as covered by the Workmen's Compensation Law, and denied the claimant's claim for compensation for want of jurisdiction of the Commission to entertain the same.

Said order of March 15, 1933, appears in its material parts as follows:

"* * * (1) That at the time the claimant sustained the accidental injury complained of herein he was in the employ of Carl Followill, an independent contractor, operating under a class B permit issued by the Corporation Commission of the state of Oklahoma; that the business of the said Carl Followill is not covered by the Workmen's Compensation Law of this state.

"(2) That at the hearing of said cause the attorney for Carl Followill, Byers Drilling Company, and the Independence Indemnity Company entered a demurrer, demurring to the testimony of the claimant for the reason that said testimony shows that the Industrial Commission is without jurisdiction in the cause; that the respondent Carl Followill is not engaged in a hazardous occupation as covered by the Workmen's Compensation Law of the state of Oklahoma.

"(3) That at said hearing the attorney for C. V. Wood and Aetna Life Insurance (company) demurred to said evidence · of the claimant, for the reason that the testimony does not show a cause of action against said respondent; for the further reason that the respondent C. V. Wood had no interest whatever in this claimant's employment or work and that the only type of work at any time conducted by the respondent C. V. Wood was that of a class B contractor, which does not come within the purview of the Workmen's Compensation Act.

"The Commission is of the opinion: Upon consideration of the foregoing, that said demurrers of said respondents and insurance carriers should be sustained.

"It is therefore ordered: That the demurrers, as above set out, shall be and the same are hereby sustained and this cause closed for want of jurisdiction. * * *"

From the foregoing order the claimant has brought this proceeding to review the same.

After a careful examination of the record we think the following brief statement of facts summarizes the evidence in the case: The claimant, George Holland, was in the employ of Carl Followill on April 2, 1932, the date of the accident. Carl Followill was engaged in the trucking business, and did not maintain a storage; having a motor carrier class B permit, issued to him by the Corporation Commission of the state of Oklahoma. Some few days prior to the date of the accident, Carl Followill had made a contract with the Byers Drilling Company to move certain oil field equipment, and under the terms of this contract Carl Followill was an independent contractor of the Byers Drilling Company, being paid an agreed price of $420 for moving this string

of tools in his own manner and time and not being subject to directions of the Byers Drilling Company, except as to the final results. Claimant, George Holland, while in the employ of Carl Followill, received an accidental injury.

Claimant contends that the foregoing order based upon the evidence as outlined is erroneous, and relies for a reversal upon the following three propositions:

"(1) That at the time of claimant's injury he was engaged in a hazardous occupation coming within and under the provisions of the Workmen's Compensation Act, and that, therefore, the Commission erred in finding that it had no jurisdiction.

"(2) The State Industrial Commission erred in sustaining the demurrer of the Byers Drilling Company and its insurance carrier to the evidence of the claimant.

"(3) An employer coming within the provisions of the Workmen's Compensation Law cannot contract away any liability attaching to it under said act."

Under the first proposition, we conclude that the uncontroverted evidence is in support of the Commission's finding that it had no jurisdiction of the claim for compensation, by reason of the fact that claimant's employer, Carl Followill, was not engaged in a hazardous occupation as defined by the Workmen's Compensation Act of this state. The evidence is conclusive that George Holland, claimant, was employed by Carl Followill, respondent, when injured, in the transfer business and not the "transfer and storage" business.

This court held in the case of Followill v. Marshall (1931), 153 Okla. 120, 5 P. (2d) 149, as follows:

"An employer who is engaged in transfer business only does not come within the terms of the Workmen's Compensation Act; it must be shown that he is engaged in the business of **transfer and storage** in order to come within the terms of the said act."

The second time the above case was before this court (1932), Followill v. Marshall, 157 Okla. 276, 10 P. (2d) 684, the former holding was reaffirmed upon the authority of Brinks Express Co. v. Foster, 154 Okla. 255, 7 P. (2d) 142, which held that the term "transfer and storage," as used in section 1, ch. 61, S. L. 1923, must be read as one word in defining a business enterprise. The Foster Case, just referred to, was based upon the case of Gypsy Oil Co. v. Keys, 147 Okla. 148, 295 P. 612, in which the court said:

"Owners or operators of motor trucks

hauling property for the public for compensation and authorized to operate as 'motor carriers,' under 'class B' permits granted by the Corporation Commission under chapter 253, Session Laws of 1929, do not come within the meaning of the industries and business enterprises covered by the Workmen's Compensation Law."

The most recent case upholding the Keys Case, supra, is that of Adams Union Truck Terminal v. Keeshen, 165 Okla. 151, 25 P. (2d) 624.

Claimant further contends, under his first proposition, supra, that he was employed in his capacity as a truck driver only 30 per cent. of the time. That the remaining 70 per cent., and major portion, of his time was occupied in loading and unloading the oil field equipment which he hauled in his employer's transfer business. That because he was engaged in such work the major portion of his time, any injury received by him while so engaged would entitle him to compensation. Claimant testified his injury occurred when he fell backwards off the truck while unloading barrels.

We think it apparent that one could not engage in the transfer business and drive a truck hauling property for the public between different points without necessarily loading and unloading the same. Under the authorities cited relative to transfer business not being covered by the Workmen's Compensation Act, and the facts involved in the present case, we conclude that the Commission did not err in finding that it had no jurisdiction.

The second and third propositions of claimant, supra, will be considered together. Claimant contends the Commission erred in sustaining the demurrer of the Byers Drilling Company and its insurance carrier to the evidence of claimant. Claimant relies upon section 7285, C. O. S. 1921, as amended (chapter 61, sec. 3, page 121, S. L. 1923), which provides, in part:

"**The person entitled to such compensation** shall have the right to recover the same directly from his immediate employer, the independent contractor or intermediate contractor, and such claims may be presented against all of such persons in one proceeding. * * *"

—and contends that under the theory of secondary liability the Commission would have jurisdiction to order compensation paid claimant by the Byers Drilling Company.

We observe that the statute quoted in part, supra, presupposes that the claimant is entitled to such compensation. Under the facts here presented, before the Byers Drilling Company would be liable for compensation to an injured employee of Carl Followill, under the theory of secondary liability, the Commission must first have had jurisdiction to order Carl Followill to pay claimant compensation. Since the Commission had no jurisdiction to order George Holland's employer, Carl Followill, to pay compensation to George Holland, the primary liability failing for want of jurisdiction, the secondary liability must of necessity fail.

Under the facts disclosed by the record, claimant's third and final contention is without merit.

The petition to vacate is denied, and the order affirmed.

SWINDALL, ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. RILEY, C. J., and BAYLESS, J., absent.