## CONTINENTAL CASUALTY CO. v. SHANKEL.

### No. 1468.

Circuit Court of Appeals, Tenth Circuit.

March 8, 1937.

Clayton B. Pierce, of Oklahoma City, Okl., for appellant.

Wallace E. Robertson, of Oklahoma City, Okl. (Edwin A. Deupree, of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS and BRATTON, Circuit Judges, and JOHNSON, District Judge.

PHILLIPS, Circuit Judge.

W. A. Burch, a citizen and resident of Hutchinson, Kansas, was engaged in the transportation of freight by motor truck between points in Kansas and Oklahoma. On September 25, 1933, Burch applied to the Corporation Commission of the State of Oklahoma for a certificate of public convenience and necessity as a "Class B" carrier. Accompanying such application, Burch filed with the Commission as required by section 3708, O.S.1931, as amended by section 4, c. 156, O.S.L.1933 (47 Okl.St.Ann. § 169), a policy of insurance issued by the Casualty Company, with an endorsement affixed thereto designated as Form E. The material portions of Form E are set out in Note. 1.[1]

The insuring clause of the policy proper excluded from the coverage employees of Burch.[2]

The original act regulating motor carriers was adopted in 1923. See section 3692, et seq., O.S.1931.

Section 3701, O.S.1931 (47 Okl.St.Ann. § 162) provides that: "The Corporation Commission shall have the power and authority by general order or otherwise to prescribe rules and regulations applicable to any or all motor carriers." See Commercial Standard Insurance Co. v. Garrett (C.C.A.10) 70 F.(2d) 969. The Corporation Commission by regulation adopted Form E pursuant to the provisions of the original act. It constitutes the contract of insurance as between the insurer and the state. Commercial Standard Insurance Company v. Garrett, supra.

Shankel was employed by Burch as a truck driver's helper. While so engaged on a truck of Burch, Shankel suffered personal injuries at Oklahoma City, Okla-

---

[1] MOTOR VEHICLE FORM E INSURANCE POLICY ENDORSEMENT

The policy to which this endorsement is attached is written under and pursuant to the provisions of Chapter 113 of the Session Laws of Oklahoma, 1923, and it is to be construed in accordance therewith and the rules and regulations of the Corporation Commission of Oklahoma and implies an acceptance of such rules and regulations, and is payable to the State of Oklahoma for the benefit of *all persons who may suffer personal injuries*, * * * due to any negligence of the assured, his/its agents, employes, or representatives in the operation or use of any motor vehicle under certificate of public convenience and necessity No. ——.

In consideration of the premium stipulated in the policy to which this endorsement is attached the insurer * * * agrees to pay any final judgment rendered against the holder of such certificate *for personal injuries*, * * * *other than that of the holder of said certificate* due to the negligence of said holder, his/its agents, or employes, or representatives in the operation or use of any motor vehicle, * * * operated under *said certificate* * * * within the limits of the schedule hereinafter set out, and further agrees that, upon its failure to pay any such final judgment, within sixty days from the date of its rendition or final affirmance on appeal, the judgment creditor may maintain an action against it in any court of competent jurisdiction to enforce such payment. * * * Nothing contained in the policy or any endorsement thereon, * * * shall relieve the insurer from any liability hereunder or from the payment of any such judgment.

No condition, provision, stipulation or limitation contained in the policy or any other endorsement thereon, nor the violation of any of the same by the insured shall affect in any way the right of *any person* injured in his person * * * by the negligence of the insured or relieve the company from the liability provided for in this endorsement, or from the payment to such person of any such judgment, to the extent and in the amounts set forth in the schedule shown hereon; * * *

SCHEDULE

On each motor vehicle used for the transportation of freight or express, or both, the insurer shall be liable *to each person suffering damages* as the result of any accident due to the negligence of the assured, his agents or representatives in the use or operation of such motor vehicle to the extent of damages sustained, not exceeding five thousand dollars, and *subject to the same limit*, the total liability of the insurer on account of any one accident shall not exceed ten thousand dollars.

Attached to and forming a part of Policy No. 1587594 issued by Continental Casualty Company to W. A. Burch.

F. B. HARRIS
Harris-Burns & Co.
Agents. (Italics ours.)

[2] See, however, provisions of the third paragraph of Form E set forth in Note 1.

homa, on November 14, 1933. At the time of the accident the truck was being used to transport a cargo of freight from Wichita, Kansas, to Oklahoma City. One Heaston was the driver of the truck.

Shankel brought an action against Burch and Heaston in the District Court of Oklahoma County, Oklahoma, to recover damages for such injuries. He alleged that Burch was negligent in failing to provide a reasonably safe vehicle, in providing a trailer which projected on each side more than six inches beyond the running board of the truck and which was more than eight feet in width in violation of the statutes of the state of Oklahoma and the rules and regulations of the Corporation Commission of Oklahoma,[3] in knowingly ordering and permitting such truck to be overloaded so as to render it and the trailer unsafe to operate, and in failing to provide a proper rear vision mirror or other device by which the driver of the truck could observe traffic approaching from the rear. He alleged negligence on the part of Heaston in the operation of the truck, the details of which are not here material. He alleged that the negligence of Burch and Heaston, jointly, was the proximate cause of his injuries. In his answer Burch pleaded assumed risk, contributory negligence and that Heaston was a fellow servant of Shankel. The Casualty Company denied liability and refused to defend the action.

After negotiations Burch and Shankel agreed to a compromise. Agreeable thereto a judgment was entered in the state court action in favor of Shankel and against Burch and Heaston for $5,500.00 damages, and $42.55 costs, on September 14, 1934. The judgment recited the appearance of the parties, the waiver of a jury, and the taking of evidence. Following the entry of the judgment and on the same day Shankel and Burch entered into a written agreement. By the terms thereof Burch agreed to execute and deliver to Shankel two promissory notes each for $250.00, and not to file a motion for a new trial, and not to appeal from or otherwise challenge such judgment; and Shankel agreed to compromise such judgment with Burch for $500.00 plus any amount he might recover from the Casualty Company and, after the payment of such notes and the liability of the Casualty Com-

pany had been determined, to discharge such judgment as to Burch and Heaston. It expressly reserved the right of Shankel to proceed on such judgment against the Casualty Company. A satisfaction of judgment was executed by Shankel and placed in escrow under an escrow agreement which provided that it was not to be delivered until the liability of the Casualty Company on the judgment had been determined and the notes paid.

On November 20, 1934, Shankel brought this action against the Casualty Company on such judgment and Form E to recover the sum of $5,042.55 in the District Court of Oklahoma County, Oklahoma. The cause was duly removed to the Federal Court. From a judgment in favor of Shankel the Casualty Company has appealed.

Section 7, c. 113, O.S.L.1923 (section 3697, O.S.1931) in part reads:

"No certificate of convenience and necessity shall be issued by the Corporation Commission to any motor carrier until and after such motor carrier shall have filed with the Corporation Commission of this State a liability insurance bond in some company authorized to do business in this State in such a penal sum as the Corporation Commission may deem necessary to adequately protect the interest of the public, with due regard to the number of persons and amount of property involved, which liability insurance shall bind the obligors thereunder to make compensation for injuries to persons and loss of or damage to property resulting from the operation of such motor carrier."

Section 3697 was superseded by section 10, c. 253, O.S.Laws 1929 (section 3708, O.S.1931, 47 Okl.St.Ann. § 169). It required motor carriers to furnish a liability insurance policy or bond and in part read:

"Such Corporation Commission shall also require a surety bond to be approved by said commission in such penal sum as the commission may require, conditioned for the payment of all fees, taxes or charges which may be, or become, due the state, under any permit of operation, and for the faithful carrying out of the permit granted, and all provisions of this Act, and the regulations of the Corporation Commission adopted hereunder. No other, or additional bonds, than as herein described, shall

---

[3] See section 3698, O.S.1931.

be required of any motor carrier by any city or town, or other agency of the state. Provided, that all class 'A' and 'B' carriers shall maintain compensation insurance upon all employees engaged in the operation of motor carriers as herein provided under the Workmen's Compensation Laws of this State."

The proviso at the end of section 3708 was held invalid by the Supreme Court of Oklahoma in Brinks Express Co. v. Foster, 154 Okl. 255, 7 P.(2d) 142, 144.[4]

Section 3708, supra, was amended by section 4 of c. 156, O.S.L.1933 (47 Okl.St. Ann. § 169). The portion of the amended section here material reads as follows:

"No certificate of convenience and necessity, or permit, shall be issued by the Corporation Commission to any motor carrier until after such motor carrier shall have filed with the Corporation Commission a liability insurance policy or bond covering public liability and property damage, issued by some insurance or bonding company or insurance carrier, authorized to do business in this state and which has complied with all of the requirements of the Corporation Commission, which bond or policy shall be approved by the Corporation Commission, and shall be in such sum and amount as fixed by a proper order of said Commission; and such liability and property damage insurance policy or bond shall bind the obligor thereunder to make compensation for injuries to, or death of, persons, and loss or damage to property, resulting from the operation of any such motor carrier for which such carrier is legally liable. * * * A copy of such policy or bond shall be filed with said Commission, and, after judgment against the carrier for any such damage, the injured party may maintain an action upon such policy or bond to recover the same, and shall be a proper party so to do." 1934 Supp.O.S. 1931, § 3708 (47 Okl.St.Ann. § 169).

The amended section omitted the proviso held invalid by the Supreme Court of Oklahoma. Counsel for the Casualty Company contends that section 3708 as amended (47 Okl.St.Ann. § 169) does not cover personal injuries suffered by employees of the motor carrier. He urges

that an intent to exclude employees of the carrier was indicated by the proviso attached to the section as originally adopted with respect to compensation insurance upon employees. He asserts that to construe the section as applicable to employees of interstate carriers would render it unconstitutional, and that "a statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional, but also grave doubts upon that score." See George Moore Ice Cream Co. v. Rose, 289 U.S. 373, 379, 53 S.Ct. 620, 77 L.Ed. 1265; Kansas Gas & Elec. Co. v. City of Independence (C.C.A.10) 79 F.(2d) 32, 43, 100 A.L.R. 1479.

The language of Form E is broad and all inclusive excepting from its coverage only the holder of the certificate of convenience and necessity. It expressly provides that it is payable to the state for the benefit of "all persons who may suffer personal injuries" due to the negligence of the motor vehicle owner, his agents, or employees. It further provides that the insurer shall pay "any final judgment rendered against the holder of such certificates for personal injuries * * * other than of the holder of said certificate due to the negligence of said holder, his * * * agents, or employees"; and that no condition or limitation in the policy of insurance to which Form E is attached shall affect the "right of any person" who suffers personal injuries, to assert the liability provided in Form E.

The statute provides for a policy covering "public liability and property damage" and binding the obligor "to make compensation for injuries to, or death of, persons," and that after judgment against the carrier for any such damage the injured party may maintain an action on such policy to recover same.

■ Form E was adopted as a regulation by the Corporation Commission to effectuate the provisions of section 3697. It has been in continuous use since its adoption. The statutory provision has been amended twice, yet the Legislature has not seen fit to disapprove or restrict the provisions of Form E. This is persuasive evidence that the Legislature approved the regulation and

---

[4] The court adhered to its former ruling in Gypsy Oil Co. v. Keys, 147 Okl. 148, 295 P. 612, holding that motor carriers were not within the Workmen's Compensation Law and held that the proviso was inoperative as an amendment to the Workmen's Compensation Law, because not embraced in the title to the act. See, also, The Wardway v. Garland, 162 Okl. 278, 20 P.(2d) 162, to the same effect.

the administrative construction of the statute manifested therein.[5]

In Kaifer v. Georgia Casualty Co. (C. C.A.9) 67 F.(2d) 309, the words "any person or persons" in an automobile liability insurance policy were construed to include an employee of the owner of the motor vehicle.

In Williams v. Denney, 151 Wash. 630, 276 P. 858, it was held that a provision for liability insurance (Remington's Comp.Stat. of Washington, 1922, § 6391) "for all persons receiving personal injury" covered passengers being transported for hire in interstate commerce. See Cobb v. Department of Public Works (D.C.Wash.) 60 F. (2d) 631.

In Jacobsen v. Howard, 164 Okl. 88, 23 P.(2d) 185, it was held that section 3697, supra, embraced passengers being carried for hire in a motor bus.

■ It is well settled that a state may not require a carrier to furnish liability insurance covering persons and property being transported in interstate commerce.[6]

■ On the other hand, the right of the state to legislate for the protection of employees engaged in interstate commerce, in the absence of national regulation on the subject, has been sustained in a number of decisions.[7]

■ Prior to the enactment of the Motor Carrier Act of 1935, 49 U.S.C.A. § 301 et seq., Congress had not acted with respect to the regulation of interstate commerce by motor carrier. Construing section 3708 ·as applicable to employees of motor carriers engaged in interstate commerce would not render it unconstitutional.

The proviso at the end of section 3708 as originally adopted indicates that the Legislature believed that employees of Class "A" and "B" carriers were within the Oklahoma Workmen's Compensation Law. The purpose of the proviso was to restrict the provision that, "no other, or additional bonds, than as herein described, shall be required of any motor carrier by any city or town, or other agency of the state," so as not to exclude Class "A" and

---

5 Commissioner v. McKinney (C.C.A. 10) 87 F.(2d) 811;

Brewster v. Gage, 280 U.S. 327, 337, 50 S.Ct. 115, 74 L.Ed. 457;

Ramsey v. Commissioner (C.C.A.10) 66 F.(2d) 316, 318;

Morrissey v. Commissioner, 296 U.S. 344, 355, 56 S.Ct. 289, 80 L.Ed. 263;

Hartley v. Commissioner, 295 U.S. 216, 220, 55 S.Ct. 756, 79 L.Ed. 1399;

Leininger v. Ward-Beekman & Brooks, 139 Okl. 292, 282 P. 467, 472.

6 Louis v. Boynton (D.C.Kan.) 53 F. (2d) 471, 473;

Liberty Highway Co. v. Michigan Public Utilities Comm. (D.C.Mich.) 294 F. 703, 708;

Michigan Public Utilities Comm. v. Duke, 266 U.S. 570, 577, 45 S.Ct. 191, 69 L.Ed. 445, 36 A.L.R. 1105;

Sprout v. South Bend, 277 U.S. 163, 172, 48 S.Ct. 502, 505, 72 L.Ed. 833, 62 A.L.R. 45;

Cobb v. Department of Public Works (D.C.Wash.) 60 F.(2d) 631, 640.

In Sprout v. South Bend, supra, the court said: "Such provisions for insurance are not, even as applied to busses engaged exclusively in interstate commerce, an unreasonable burden on that commerce, if limited to damages suffered within the state by persons other than the passenger."

7 Lindstrom v. Mutual S. S. Co., 132 Minn. 328, 156 N.W. 669, 670, L.R.A. 1916D, 935;

Kennerson v. Thames Towboat Co., 89 Conn. 367, 94 A. 372, 375, L.R.A.1916A, 436;

Jensen v. South Pac. Co., 215 N.Y. 514, 109 N.E. 600, 601, L.R.A.1916A, 403, Ann.Cas.1916B, 276;

Stoll v. Pac. Coast S. S. Co. (D.C. Wash.) 205 F. 169, 173, 177;

Second Employers' Liability Cases, 223 U.S. 1, 54, 55, 32 S.Ct. 169, 177, 56 L.Ed. 327, 38 L.R.A.(N.S.) 44;

Sherlock v. Alling, Adm'r, 93 U.S. 99, 103, 104, 23 L.Ed. 819;

The Minnesota Rate Cases (Simpson v. Shepard), 230 U.S. 352, 402, 408, 409, 33 S.Ct. 729, 57 L.Ed. 1511, 48 L.R.A.(N.S.) 1151, Ann.Cas.1916A, 18;

Erie R. R. Co. v. Williams, 233 U.S. 685, 704, 34 S.Ct. 761, 58 L.Ed. 1155, 51 L.R.A.(N.S.) 1097;

See, also, Martin v. West, 222 U.S. 191, 197, 198, 32 S.Ct. 42, 56 L.Ed. 159, 36 L.R.A.(N.S.) 592.

In Second Employers' Liability Cases, supra, the court said: "True, prior to the present act, the laws of the several states were regarded as determinative of the liability of employers engaged in interstate commerce for injuries received by their employees while engaged in such commerce. But that was because Congress, although empowered to regulate that subject, had not acted thereon, and because the subject is one which falls within the police power of the states in the absence of action by Congress."

"B" carriers from the requirements of the Workmen's Compensation Law. After the Supreme Court of Oklahoma in Brinks Express Co. v. Foster, 154 Okl. 255, 7 P.(2d) 142, held that employees of motor carriers were not within the Oklahoma Workmen's Compensation Law and that the proviso at the end of section 3708, supra, was not effectual as an amendment thereto, the Legislature amended section 3708 (47 Okl.St.Ann. § 169) supra, omitting the proviso and leaving the broad. provisions of the section unrestricted. We find nothing in the section as amended indicating an intent to limit the common law liability of the carrier to its employees or excluding the latter from the coverage of the bond or policy.

■ The exclusion of the employees of, Burch from the coverage of the policy proper is not of moment, since it is expressly provided in Form E that no condition, provision, stipulation, or limitation in the policy proper shall affect in any way the right of any person injured in his person by the negligence of Burch or relieve the Casualty Company from the liability provided for in Form E.

We conclude, therefore, that Shankel was within the insurance coverage of Form E.

Under the terms of the policy proper, the Casualty Company had the exclusive right to defend the action brought by Shankel against Burch. It refused to assume the defense thereof and denied liability.

■ In his action against Burch, Shankel sought damages in the sum of $17,500.00. He alleged violations by Burch of the statutes of Oklahoma and the rules and regulations of the Corporation Commission relative to the width and construction of the trailer attached to the truck on which Shankel was employed. He also alleged other acts of negligence on the part of Burch. It is a well settled rule in Oklahoma that public policy forbids an employee from assuming the risk created by a violation of a statute or a rule or regulation having the effect of law, or waiving the liability of the master for injuries caused by such violation.[8]

■ Section 6 of art. 23 of the Oklahoma Constitution (1931 O.S. § 13719) provides:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

Under this provision where primary negligence is established by the evidence, the issues of assumption of risk and of contributory negligence must be submitted to the jury and its finding thereon is conclusive.[9]

Shankel alleged that he had suffered severe and permanent injuries and if he established Burch's liability he probably would have recovered a judgment against Burch largely in excess of $5,000.00.

■ At the close of the evidence Shankel moved the court to instruct the jury to return a verdict in his favor, and the Casualty Company moved the court to instruct the jury to return a verdict in its favor. These motions are made without reservation. The court instructed a verdict in favor of Shankel. Where each party requests the court to instruct a verdict in his favor, without reservations, it is equivalent to a declaration that there are no issues of fact or a request that the court find the facts; the parties are concluded by the court's findings on the controverted issues of fact and such finding must stand if there is substantial evidence to support it.[10]

■ When the Casualty Company denied liability and refused to defend the action against Burch, the latter had the right, provided he acted in good faith and with

[8] Curtis & Gartside Co. v. Pribyl, 38 Okl. 511, 134 P. 71, 73, 49 L.R.A.(N.S.) 471;
Great Western Coal & Coke Co. v. Coffman, 43 Okl. 404, 143 P. 30, 33;
Whitehead Coal Mining Co. v. Schneider, 75 Okl. 175, 183 P. 49, 52.

[9] Sapulpa Refining Co. v. Sapulpa, 84 Okl. 93, 202 P. 780, 782;
Neversweat Mining Co. v. Ramsey, 84 Okl. 128, 202 P. 787, 789;
St. Louis-San Francisco Ry. Co. v. Robinson, 99 Okl. 2, 225 P. 986, 987;
St. Louis-San Francisco Ry. Co. v. Rundell, 108 Okl. 132, 235 P. 491, 494.

[10] Williams v. Vreeland, 250 U.S. 295, 298, 39 S.Ct. 438, 63 L.Ed. 989, 3 A.L.R. 1038;
Beuttell v. Magone, 157 U.S. 154, 157, 15 S.Ct. 566, 39 L.Ed. 654;
Miller-Crenshaw Co. v. Colorado Mill & E. Co. (C.C.A.8) 84 F.(2d) 930, 931;
Chisholm v. Gilmer (C.C.A.4) 81 F.(2d) 120, 122;
Blackburn Constr. Co. v. Cedar Rapids Nat. Bank (C.C.A.10) 37 F.(2d) 865.

due care and prudence, to enter into a compromise with Shankel.[11]

We cannot say on this record that the trial court erred in failing to find that Burch did not act in good faith and with due prudence in entering into the settlement with Shankel.

The judgment is affirmed.

[11] St. Louis Dressed Beef & P. Co. v. Maryland Casualty Co., 201 U.S. 173, 182, 26 S.Ct. 400, 50 L.Ed. 712;

Interstate Casualty Co. v. Wallins Creek Coal Co., 164 Ky. 778, 176 S.W. 217, 219, L.R.A.1915F, 958;

Southern Ry. News Co. v. Fidelity & Casualty Co., 83 S.W. 620, 622, 26 Ky. Law Rep. 1217;

Butler Bros. v. American Fidelity Co., 120 Minn. 157, 139 N.W. 355, 44 L.R.A. (N.S.) 609;

Jahns & Knuth Co. v. American Indemnity Co., 182 Wis. 556, 196 N.W. 569, 572;

Farrell v. Nebraska Indemnity Co., 183 Minn. 65, 235 N.W. 612;

Mendota Elec. Co. v. New York Indemnity Co., 169 Minn. 377, 211 N.W. 317;

Rieger v. London Guarantee & Accident Co., 202 Mo.App. 184, 215 S.W. 920, 930.