### DILLON et al. v. DILLMAN et al.

No. 18857. Opinion Filed Sept. 25, 1928.

Rehearing Denied Dec. 4, 1928.

Clayton B. Pierce, for petitioners.

Fred M. Hammer, for respondents.

CLARK, J. This is an original action filed in this court by petitioner, to review an award made and entered on the 14th day of October, 1927, awarding compensation at the rate of $18 per week. Petitioners contend that the Industrial Commission erred in making the award, and in their brief discussed errors under two heads, to wit:

First, the State Industrial Commission had no jurisdiction under the evidence to make an award.

Second, an accidental injury sustained by an employee at the hands of a stranger to the employment does not arise out of the employment.

The facts in the case disclose that respondent, Dillman, was in the employ of J. F. Dillon, who was a teaming contractor in the oil- fields near Seminole, Okla. Dillman was team foreman, and on the date of injury was helping to shoe mules, the property of his employer. The evidence further discloses that Jim Copeland approached the respondent and wanted to borrow of him a horse or mule belonging to J. F. Dillon, the respondent's employer, and after the respondent, Dillman, refused his request, he shot respondent twice, breaking both legs.

Petitioners contend that there was no evidence that the position of team foreman for a teaming contractor was a hazardous employment as defined by section 7283, C. O. S. 1921. Said section includes foundries, blast furnaces, mines, wells, gas works, gasoline plants, oil refineries and allied plants, waterworks. and other hazardous employments.

Section 7284 defines hazardous employment as meaning manual or mechanical work or labor connected with or incident to one of the industries, plants, factories, lines, occupations, or trades, mentioned in section 7283, except employees engaged as clerical workers exclusively, and shall not include anyone engaged in agriculture, horticulture, or dairying or stock raising or in operating any steam railroad engaged in interstate commerce.

The question raised here was not presented to the Commission. It was not contended before the Commission that the occupation was not hazardous, but is raised for the first time in this court.

Section 7295, C. O. S. 1921, provides:

"In any proceeding for the enforcement of a claim for compensation under this act, it shall be presumed in the absence of substantial evidence to the contrary:

"1. That the claim comes within the provisions of this act.

"2. That sufficient notice thereof was given. * * *"

So the presumption that the claim comes within the provisions of the act must prevail. There was no testimony to the contrary. Petitioners did not contend before the Commissioners that this was not a hazardous employment. Respondent in his brief states that he could have presented more testimony as to his employment, although there was no evidence presented by petitioners in the court below to the contrary. We think the evidence was sufficient to sustain the finding of the State Industrial Commission that the respondent was engaged in a hazardous employment.

The second proposition presented by petitioners is that an accidental injury sustained by an employee at the hands of a stranger to the employment does not arise out of the employment. There is some conflict in authorities on this question.

This court in the case of Willis v. State Industrial Commission, 78 Okla. 216, 190 Pac. 92, said:

"Where an employee, during an interval in the work, was warming himself by a fire on the premises of the employer, and was injured by the explosion of a piece of dynamite containing a cap, brought there and thrown into the fire by a fellow employee, who picked up the dynamite and threw it in the fire to see if it would explode, the injury received by the employee arose out of and in the course of his employment under the Workmen's Compensation Law."

In the case of Stasmos v. State Industrial Commission, 80 Okla. 221, 195 Pac. 762, this court said:

"It is the decided weight of authority in Great Britain and the United States that an assault by a third party, or an assault of the employer arising out of and in the course of the employment, resulting in an injury and disability, is such an injury as comes within the Workmen's Compensation Law. * * *" Citing Willis v. State Industrial Commission. supra; Willis v. Pilot Butte Mining Co. (Mont.) 190 Pac. 124.

Also see Munroe v. Williams, 94 Conn. 377; Industrial Commission of Colo. v. Pueblo Auto Co. (Colo.) 207 Pac. 479.

The Supreme Court of Colorado in the case of Aetna Life Ins. Co. v. Industrial Commission of Colorado, 254 Pac. 995, in the syllabus said:

"Death of farm hand, struck by lightning while returning from neighbor's farm where employer sent him to work for day, held to arise out of employment, in view of C. L. 4389.

"Where one in course of his employment is reasonably required to be at particular place at particular time and there meets with accident, such accident arises out of employment. though any other person at such place would have met with such accident, irrespective of employment."

Also see Oklahoma-Arkansas Telephone Co. v. Fries, 128 Okla. 295, 262 Pac. 1062.

In the case at bar, the respondent, Dillman, was in charge of petitioner's horses or mules, and in refusing to turn them over to a third party he received the injury complained of. It was his duty, as testified to by respondent, to take care of the teams placed in his charge, and while so doing he received the injury. It is true the man who struck the blow was not a fellow employee, but that is not material. Our statute does not limit recovery to injuries received from fellow employees.

The authorities hold that such an injury was an accident. Being an accident, it is immaterial from what source it came. Had he been injured by a kick from one of the mules, or from any other source, it would have been an accidental injury, and if injured, as in the case at bar, while discharging his duty as an employee, he would be entitled to compensation. We must, therefore, conclude that the award of the Industrial Commission should be and is affirmed.

MASON, V C. J.. and HARRISON, PHELPS, HUNT, and RILEY, JJ., concur.