### MARYLAND CASUALTY CO. et al. v. STATE INDUSTRIAL COMMISSION.

No. 20420. Opinion Filed Feb. 4, 1930.

Commissioners' Opinion, Division No. 1.

J. S. Ross, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

FOSTER, C. On November 15, 1928, Wayne Swalley was employed by Swalley & Stoneburner, the petitioners herein, who were operating a wholesale and retail meat market combined, being in the same room. They also operated a slaughter or packing house some distance away. The respondent, Wayne Swalley, was employed in the wholesale and retail store in which there was a two-ton ammonia refrigerating machine, a one-horse power centrifugal water pump, and a one-horse power sausage mill. It was the duty of the respondent, who was the son of one of the employers, to operate all of these machines, and at the same time to wait upon the trade, whether it be wholesale or retail.

On the day of the accident, November 15, 1928, the respondent was in the act of selling a piece of meat to a customer, and in using a butcher knife, he received an injury from which he was totally disabled for two weeks. The Industrial Commission, after a hearing thereon, made an order, in substance, as follows: That the petitioners herein, Swalley & Stoneburner, were engaged in the operation of a hazardous industry, enumerated under section 7283, C. O. S. 1921, as amended by 1923 Session Laws, c. 61, sec. 1, to wit:

"A workshop where machinery is used; and that said respondent (petitioners herein) was also engaged in selling merchandise in large quantities and also selling this merchandise for resale in addition to the operation of retail market."

And further, that the respondent herein, Wayne Swalley, was engaged in a hazardous occupation subject to the Workmen's Compensation Law, and that his injury arose out of and in the course of his employment, and that he received an accidental personal injury on the 15th day of November, 1928, which resulted in a temporary total disability for a period of two weeks, and further ordered that the petitioners herein pay him the sum of $21.

This appeal from the Industrial Commission only challenges that part of the order above quoted which found, in substance, that the respondent was employed in a workshop where machinery is used, and was engaged in selling merchandise in large quantities and for resale, which, in effect, as we view it, was a holding that it was a wholesale mercantile establishment as provided by section 7283, supra. It is admitted in the briefs that the injury occurred in the course of his employment, and that he was totally disabled. There is no dispute as to the facts. the only contention being that the evidence shows the respondent was not engaged in a hazardous employment at the time of the alleged accident, and therefore did not receive an injury arising out of and in the course of his employment of a hazardous nature as contemplated by the Workmen's Compensation Act.

All the testimony that was introduced at the hearing before the Industrial Commission was that of the respondent herein, together with that of his father. The testimony shows that three or four persons were employed in the wholesale and retail store of

petitioners located in Pawnee; that on the day of the accident, the respondent herein did not have any help at the particular time when the accident occurred, and that he was performing all of the duties around the place of business, waiting on the customers, answering the telephone, etc.; that a woman came in for a piece of bacon, and he had to get it out of a big cooler, and was in a hurry, and had a knife in one hand and a piece of bacon in the other, and as he attempted to make a stroke with the knife to cut the bacon his foot slipped, and he cut off a piece of his finger. The evidence shows that the meat market conducted both a wholesale and retail business; that they sold meat in large quantities to other small shops, and also in large quantities to certain customers, both of whom were given a reduced price. They also conducted a retail business, and this claimant was employed to perform any of the duties connected with either.

As to whether the particular sale, which was being made at the time of the injury, was in the wholesale or retail department of the business, the testimony is very indefinite and perhaps somewhat conflicting. The respondent, himself, testified that it was impossible for him to say as he did not remember the woman who was making the purchase, but that if she were running a boardinghouse or hotel, it would be wholesale.; that he did not remember the quantity of the bacon purchased, but that it was at least half of a side. The father of the respondent and one of the owners of the business stated that he did not know whether or not his son was making a wholesale or retail sale at the time he was injured, and in answer to the question, "The accident happened in the retail store in Pawnee, did it?" he replied, "Yes."

It is admitted by the petitioners that had the respondent been injured while engaged in the wholesale department of petitioners' business, there would be no question but what he could recover under the Workmen's Compensation Law; and it is also admitted that, if he had been injured while operating the power-driven meat grinder, which was in petitioners' place of business, there would be no question but what he could recover.

Section 7283, supra, sets out a long list of businesses which are covered by the Workmen's Compensation Act, among which are "workshops where machinery is used," and "wholesale mercantile establishments." It therefore follows that if there is any evidence to sustain the finding of the Industrial Commission that the claimant was employed in a wholesale mercantile establishment, the award of the Commission should be affirmed.

Subdivision 11 of section 7284, supra, defines workshops, but we find no definition for wholesale establishments in the Compensation Act.

The claimant in this case was employed in the store at Pawnee to perform duties both in the wholesale and retail departments. Without determining whether or not it be necessary to so find, we think the record supports the finding of the Industrial Commission that, at the time of the injury, he was engaged in the wholesale department, and therefore employed in a "wholesale mercantile establishment." As above indicated, the record as to whether or not at the particular time of the injury the claimant was employed in the wholesale department is rather indefinite. But this being a question of fact, where there is any testimony reasonably tending to support the same, it is conclusive upon this court and will not be reviewed.

In actions before the Industrial Commission, it is well established by the statute and authorities that it will be presumed by the Commission, in the absence of substantial evidence to the contrary, that the claims come within the provisions of the act. Section 7295, C. O. S. 1921; and Dillon v. Dillman, 133 Okla. 273, 272 Pac. 373.

The case of Southwestern Grocery Co. v. State Industrial Commission, 85 Okla. 248, 205 Pac. 929, is cited and relied upon by the petitioners. In that case the claimant was employed in a butcher shop, and his employer owned both the grocery store and butcher shop conducted in the same building. Claimant, however, was employed to sweep out the butcher shop and clean chickens, and at the time of his injury he was cleaning chickens Jin an adjoining room. The injury occurred somewhat similar as did the injury in the case at bar. There was no question in that case of a wholesale mercantile establishment.

The following cases, although under a different state of facts, we think, support the finding in this case: Teague v. State Industrial Commission, 112 Okla. 292, 240 Pac. 1053; Oklahoma Pub. Co. v. State Industrial Commission, 86 Okla. 62, 206 Pac. 249; Oklahoma-Arkansas Tel. Co. v. Fries, 128 Okla. 295, 262 Pac. 1062.

It is also now well settled in this state that the Conpensation Act is a remedial

measure, and must be liberally construed for the benefit of the employee.

Since we conclude that there is sufficient evidence, together with the presumption that will be indulged by the Industrial Commission, to support the finding of the Commission that the claimant here was engaged in a wholesale mercantile establishment at the time of his injury, it becomes unnecessary to determine whether or not he was also engaged in a workshop where machinery is used.

The judgment of the Industrial Commission is affirmed.

TEEHEE and LEACH, Commissioners, concur. BENNETT and REID, Commissioners, concur in result.

By the Court: It is so ordered.

Note.—See under (1) 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1581; 6 R. C. L. Supp. p. 1566; 7 R. C. L. Supp. p. 1011. See Workmen's Compensation Acts—C. J. §114, p. 115, n. 37; §127, p. 122, n. 40.