**HARDY SANITARIUM et al. v. DeHART et al.**

No. 24184.   Opinion Filed May 23, 1933.

J. Fred Swanson and Williams & Williams, for petitioners.

Champion, Champion & Fischl, for respondents.

McNEILL, J.   This action involves the jurisdiction of the Industrial Commission to make and enter the order and award which petitioners seek to review.

It appears that the petitioner Hardy Sanitarium was operating a hospital in the city of Ardmore, Okla.; that the respondent was employed therein as a student nurse, whose duties were to care for the patients, scrub floors, sterilize the furniture, etc. Respondent tripped upon a piece of tin which caused her to fall down the stairway, and as a result thereof she sustained an accidental personal injury. Conditions later developed, and she was required to submit to an operation.

The accident occurred on May 3, 1931. On May 9, 1931, the Hardy Sanitarium filed with the Commission employer's first notice of injury. Thereafter, on June 2, 1931, there was filed with the Commission form 7-10-M. stipulation and receipt, which, in part, recites as follows:

"We, the parties to this instrument, have reached an agreement in regard to the facts with relation to an injury sustained by the claimant, and submit the following stipulation of facts relative thereto for the order, decision, or award of the State Industrial Commission."

This instrument recites when the injury occurred and when the disability ended; the nature of the injury and the extent of disability as being temporary total; when the employee quit work and when the employee returned to work; the average weekly wage; rate of compensation; when the compensation began, total amount paid employee; and the period of disability.

It also recites the amount received on account of disability resulting from injury sustained by respondent and the "foregoing stipulation and receipt is herewith submitted to the Commission for its order, decision or award." This stipulation was signed May 22, 1931, by respondent and by petitioners. At the bottom of the instrument there appears the following notation: "Closed."

On June 4, 1931, the Commission entered an order reciting, in part, as follows:

"* * * This cause comes on to be considered pursuant to stipulation and receipt filed by the parties herein on June 2, 1931, and the Commission having examined the record and having considered said stipulation and receipt finds that claimant was injured May 3, 1931, that disability ended May 14, 1931, and that claimant received compensation for temporary total disability to bruise of pelvis at rate of $8 per week, for the said period of no weeks and four days, based on a wage of $2 per day."

The Commission ordered that the amount which has been paid be approved; that the case be closed as to temporary total disability, and the amount of permanent disability, if any, was to be thereafter determined.

On February 13, 1932, respondent filed a motion to reopen award for additional compensation on the ground of change of condition. At this hearing petitioners interposed an objection to any hearing on the ground that the employer was not engaged in a business which was covered by the Workmen's Compensation Law, and that by reason thereof the Commission had no jurisdiction. The objection was overruled, and the Commission thereafter, on September 24, 1932, made the order complained of herein, awarding respondent further compensation for temporary total disability at the rate of $8 per week compensation from October 8, 1931, not to exceed 300 weeks.

Petitioners urge that respondent was not engaged in a hazardous employment connected with or incidental to one of the industries, plants, factories, or trades mentioned in section 7283, C. O. S. 1921. A hospital is not included in the enumerated list of hazardous employments set forth in section 7283, supra. If the employment is not listed as hazardous under the provisions of section 7283, supra, it is then incumbent upon the employee to show from the facts and circumstances that the employment in which he was engaged at the time of the injury comes within the meaning and terms of the Workmen's Compensation Law.

The filing of an agreed statement of facts in what is generally designated as a stipulation and receipt with the State Industrial Commission is not sufficient, in and of itself, when approved by the State Industrial Commission, to confer jurisdiction upon the Commission to enter an award when such stipulation and agreement shows upon its face that the employment is not scheduled as hazardous under section 7283, supra. However, if an agreement of the facts has been entered into, and these facts are sufficient to establish that such employment comes within the scheduled list enumerated in section 7283, supra, or competent evidence has been received by the Commission on this question, so that it may be determined as a question of fact that such employment is hazardous within the meaning of the Workmen's Compensation Law, then the Commission has jurisdiction to proceed and enter a proper award. Otherwise, no jurisdiction attaches. Jurisdiction cannot be acquired by agreement, waiver, or conduct. Kindall v. McBirney (Idaho) 11 P. (2d) 370; Employers Liability Assur. Corp. v. Industrial Accident Comm., 187 Cal. 615, 203 P. 95; J. R. Herd Hardware Co. v. Kirby, 160 Okla. 2, 15 P. (2d) 823; Tulsa Terminal Storage & Trans. Co. v. Thomas, 162 Okla. 5, 18 P. (2d) 891; Rorabaugh-Brown Dry Goods Co. v. Mathews, 162 Okla. 283, 20 P. (2d) 141.

This jurisdictional question has been considered recently by the court in several cases. In the case of Rorabaugh-Brown Dry Goods Co., supra, and after a review of our previous holdings, we announced the following rule:

"In a proceeding to review an award of of the State Industrial Commission on the grounds of a change in condition in which the jurisdiction of the Commission to make an award is raised and no memorandum of the facts was filed at the time the original settlement was approved by the Commission and no evidence offered and there appears to have been no competent evidence before the Industrial Commission upon which to base an award for compensation, and the Industrial Commission never made any finding of fact, but only approved the settlement, the power and jurisdiction of the Industrial Commission to reopen the case may thereafter be questioned by any party in interest, and if the Industrial Commission was without jurisdiction to award compensation in the first instance, under such circumstances, it had no jurisdiction to make an award upon the ground of a change in condition."

In view of the foregoing, the award is vacated and set aside, and remanded to the Commission, with directions to dismiss the claim of respondent.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.

ANDREWS, J., absent.