## CITY OF DUNCAN et al. v. RAY et al.

No. 23384. Opinion Filed June 6, 1933.

Rehearing Denied July 5, 1933.

Clayton B. Pierce. A. J. Follens, and T. B. Rucker, for petitioners.

Murrah & Bohanon, for respondents.

WELCH, J. This is an original proceeding to review an award of the State Industrial Commission.

On January 29, 1932, the State Industrial Commission made its award, in which it found that the claimant, Carl Ray, on the 16th day of July, 1923, while in the employ of petitioner herein, city of Duncan, and while engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law sustained an injury to his right foot, such injury arising out of and in the course of his employment. The Commission further found that claimant was temporarily totally disabled from July 16, 1923, to December 8, 1923, and found that he had been paid compensation for such temporary total disability in the sum of $360. The Commission further found that on

April 3, 1924, the State Industrial Commission had entered its award in settlement of the temporary total disability and approving payment of the $360.

The Commission further found that claimant, on June 25, 1931, filed a motion to reopen the cause on account of change in condition, and found that said petition should be granted. Whereupon, the Commission awarded claimant the sum of $900 for 33 1-3 per cent. permanent partial disability to his right foot, or 50 weeks' compensation at the rate of $18 per week.

The transcript contains an employer's first notice of injury, dated July 19, 1923, signed by John L. Davis, city clerk of the city of Duncan, which was filed with the State Industrial Commission on July 28, 1923, on form No. 2 as prepared by the Commission. This notice contained information that Carl Ray, while working for the city of Duncan as traffic officer, sustained an injury to his right foot and various bruises, on the 16th day of July, 1923, and that the *London Guarantee & Accident Company,* Ltd., was the insurance carrier for the employer. There is also a report of initial payment of compensation prepared on form No. 6 of the Commission, signed by the London Guarantee & Accident Company, Ltd., reporting payment to claimant under date of August 24, 1923, of the sum of $90 as compensation for injury. This is indorsed received by the Commission August 29, 1923. There was surgeon's final report indorsed filed with the Commission December 24, 1923. We then find an order of the State Industrial Commission dated February 12, 1924, approving a bill for medical services rendered the claimant. The award or order of approval of the Commission, dated April 3, 1924, reads as follows:

"The State Industrial Commission hereby approves final payment of $126, making a total of $360 heretofore paid as compensation in this cause, the same appearing to be in accordance with the provisions of the 'Workmen's Compensation Law of Oklahoma.'

"State Industrial Commission,

"H. C. Myers, Chairman,

"F. L. Roblin, Commissioner,

"Edgar Fenton, Commissioner."

"Attest:

"A. E. Bond, Secretary."

Petitioners seek to vacate the award of January 29, 1932 upon the ground, among others, that the employment of respondent was not such as is embraced within the terms and meaning of the Workmen's Compensation Law of this state, and urge as their propositions 2 and 3 that a municipality is not subject to the obligations imposed by the Workmen's Compensation Law when not engaged in a business or industry defined as "hazardous" by section 7283, C. O. S. 1921, and that a police or traffic officer is not such an employee as is contemplated within the provisions of the law. In opposition to this contention the respondents urge the proposition "that by virtue of the Commission's order of April 3, 1924, the petitioners are now precluded to assert that this cause is not within the contemplation of the Workmen's Compensation Act," and in support thereof cite Hughes Motor Company v. Thomas, 149 Okla. 16, 299 P. 176; Skelly Oil Company v. Daniel, 154 Okla. 199, 7 P. (2d) 155 and Pinkston Hardware Company v. Hart, 159 Okla. 6, 12 P. (2d) 681. The respondents' contention in this regard is effectively disposed of in Spivey & McGill v. Nixon, 163 Okla. 278, 21 P. (2d) 1049. This latter opinion is in direct opposition to respondents' contention herein, and the same specifically overrules the parts of the opinions cited by respondents, and hereinabove referred to, which in any way support respondents' theory in this regard.

This court in its opinion in the Nixon Case, supra, held in paragraph 6 of the syllabus as follows:

"In a proceeding to review an award of the State Industrial Commission on the ground of a change in condition in which the jurisdiction of the Commisson to make an award is raised and no memorandum of the facts was filed at the time the original settlement was approved by the Commission and no evidence offered, and there appears to have been no competent evidence before the State Industrial Commission upon which to base an award for compensation, and the Commission never made any finding of fact, but only approved the settlement, the power and jurisdiction of the State Industrial Commission to reopen the case may thereafter be questioned by any party in interest, and if the Commission was without jurisdiction to award compensation in the first instance, under such circumstances it had no jurisdiction to make an award upon the ground of a change in condition."

In the instant case no memorandum of facts is filed which, if true, would bring the case within the terms of the Workmen's Compensation Law, and the record herein fails to disclose that there was any competent evidence before the State Industrial Commission upon which to base its award of April 3, 1924. The Commission never made

any finding of fact, but only approved the settlement.

Under the last above cited authority, we therefore hold that, under the facts in this case, the petitioners herein were not precluded from opposing respondents' claim upon the grounds that the employment was not within the terms of the Workmen's Compensation Law.

Petitioners, in support of their propositions 2 and 3, above mentioned, call our attention to sections 13349 and 13350, O. S. 1931, which enumerate the employments which are included within the terms of the Workmen's Compensation Law, and define "hazardous employment" within the scope of the Workmen's Compensation Law. We shall not add to the length of this opinion by quoting the same, but will say that a careful examination of the law discloses that the employment of a person as traffic or police officer is not included therein. It is undisputed in this case that claimant at the time of the injury was employed by the city of Duncan as a police officer, having subscribed to an oath of office as such, and that at the time of the injury for which claim is made, he was engaged in the performance of such duties. The petitioner, in the employment of claimant in this case, was not engaged in one of the "hazardous occupations" enumerated in the Workmen's Compensation Law.

We therefore conclude that the employment of claimant in the instant case is not embraced within the terms and meaning of the Workmen's Compensation Law of this state, and an injury sustained by claimant while so employed is therefore not compensable thereunder. This conclusion is supported by the announced principles of law and the reasoning found in Spivey & McGill and Travelers Insurance Company v. Nixon, supra; Mashburn v. City of Grandfield, 142 Okla. 247, 286 P. 789; Ponca City et al. v. Grimes et. al., 144 Okla. 31, 288 P 951; City of Muskogee v. Industrial Commission, 150 Okla. 94, 300 P. 627; Oklahoma City v. Baldwin, 133 Okla. 289, 272 P. 453. In Spivey & McGill and Travelers Insurance Company v. Nixon, supra, the court held in the third paragraph of the syllabus as follows:

"In order for the State Industrial Commission to have jurisdiction to award compensation to an employee and against an employer or insurance carrier for an accidental personal injury arising out of and in the course of his employment, such employment must be in one of the industries, plants, factories, lines, occupations, or trades mentioned in section 13349, O. S. 1931; or the facts must bring the branch or department of the business under said section governed by the phrase 'hazardous employment,' as defined in section 13350, O. S. 1931."

Having reached the above conclusion, the court does not pass upon the other assignments of error herein raised.

The award of the State Industrial Commission in this case is reversed, with instructions to the State Industrial Commission to dismiss the claim.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur.