**ENID CEMETERY ASS'N et al. v. GRACE et al.**

No. 26764. June 30, 1936.

Clayton B. Pierce, Truman B. Rucker, and Fred M. Mock, for petitioners.

Bernice Berry and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by the Enid Cemetery Association and its insurance carrier, as petitioners, to obtain the review and vacation of an award made by the State Industrial Commission in favor of the respondent Jim Frank Grace. The sole question presented for our determination is whether the State Industrial Commission had jurisdiction to award compensation. As said in City of Duncan et al. v. Ray et al., 164 Okla. 205, 23 P. (2d) 694:

"In order for the State Industrial Commission to have jurisdiction to award compensation to an employee and against an employer or insurance carrier for an accidental personal injury arising out of and in the course of his emp'oyment, such employment must be in one of the industries, plants, factories, lines, occupations, or trades mentioned in section 13349, O. S. 1931; or the facts must bring the branch or department of the business under said section governed by the phrase 'hazardous employment,' as defined in section 13350, O. S. 1931."

See, also, Southland Refining Co. v. State Industrial Commission, 167 Okla. 3, 27 P. (2d) 827; Kelly v. State Industrial Commission, 172 Okla. 432, 45 P. (2d) 725.

The parties concede that the question of

jurisdiction in this case must stand or fall on respondent's own testimony concerning his employment. This testimony establishes the fact that his employer was a cemetery association conducting and operating a cemetery and burial ground and that respondent was employed as a manual laborer in connection therewith. This evidence definitely established the fact that respondent's employer was not engaged in any of the enumerated businesses, trades, or occupations mentioned in section 13349, O. S. 1931, and that his employment was not hazardous as defined by section 13350, O. S. 1931. Thus the State Industrial Commission had before it positive testimony which negatived the presumption which might have been invoked under section 13361, O. S. 1931, and which testimony renders inapplicable the rule relative to presumption as announced by us in Dillon v. Dillman, 133 Okla. 273, 272 P. 373; Maryland Casualty Co. v. State Ind. Com., 141 Okla. 202, 284 P. 644; Bishop v. Wilson, 147 Okla. 224, 296 P. 438, and Petroleum Chemical Corp. v. State Ind. Com., 154 Okla. 67, 6 P. (2d) 775.

In Rose Hill Burial Park v. Garrison, 176 Okla. 355, 55 P. (2d) 1045, we said:

"A cemetery or burial association not being one of the classes named or described and classified in the above-named sections, the fact that it operates such equipment as a cement mixer and power-driven lawn mower will not operate to place it in any class covered by the provisions of the compensation law."

The State Industrial Commission is a tribunal of limited jurisdiction (Wilson Drilling Co. v. Beyer, 138 Okla. 248, 280 P. 846); and jurisdiction where none exists cannot be conferred on it by agreement, waiver, or conduct (Hardy Sanitarium v. DeHart, 164 Okla. 29, 22 P. (2d) 379; Frates v. State Industrial Commission, 164 Okla. 60, 22 P. (2d) 905).

Since it positively appears that the petitioner Enid Cemetery Association was not engaged in a business, trade, or occupation subject to the provisions of the Workmen's Compensation Law of this state, the State Industrial Commission was without jurisdiction to entertain the proceeding and should have dismissed the claim of the respondent. For the reasons above stated, it is necessary that we vacate the award and direct the proper action.

Award vacated, with directions to dismiss.

OSBORN, V. C. J., and RILEY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur.