## INDIAN HILLS COUNTRY CLUB et al. v. THOMAS et al.

No. 26680. Nov. 4, 1936.

Butler & Brown, for petitioners.

Mac Q. Williamson, Atty. Gen., and Houston W. Reeves, Asst. Atty. Gen., for respondents.

CORN, J. This is an original action to review an order and award of the State Industrial Commission, in which The Indian Hills Country Club was ordered to pay Willard Thomas compensation for liability resulting from an accidental personal injury received by the claimant on or about March 7, 1935.

The facts are as follows: Willard Thomas was employed by Mr. L. T. Allen, chairman of the house and grounds committee of the Indian Hills Country Club, to take charge of the locker room at the clubhouse. Thomas was required to take care of the locker room and to set up tables, prepare the ball room, and act as a waiter. In addition to his other duties he was required to care for the boiler room in which the gas-fired steam boiler which provided the steam for the heating system of the clubhouse was located. His principal duty in connection with the care of the boiler room was to turn the gas on or off as the occasion required.

On the 6th day of March, 1935, Thomas was engaged in shining shoes in the locker room when the boiler became overcharged and the excess charge of steam began blowing out of said boiler through the safety valve. When Thomas heard the escaping steam he began running toward the boiler room, for the purpose of turning the gas off, and while running slipped and fell, completely fracturing the shaft of the index metacarpal of his right hand. Medical attention was furnished by the Indian Hills Country Club.

Thomas filed a claim for compensation on April 1, 1935, and on August 8, 1935, a hearing was held before the State Industrial Commission.

The claimant, Thomas, and L. T. Allen, chairman of the house and grounds committee of the club, were the only witnesses who testified in behalf of the claimant, and the respondent did not introduce any testimony. Under the undisputed testimony of the witness L. T. Allen, the Indian Hills Country Club was not operated for profit. The club was made up of a selected membership who did not receive any dividends or profits. The testimony of the witness indicates that the expense of operation was borne by the members, who received as benefits for such expense the right to use the facilities of the club for entertainment and exercise. There was no dispute concerning the amount of disability sustained by the claimant, Thomas, as a result of the accidental injury.

After the hearing of August 8. 1935, the State Industrial Commission entered the order herein appealed from, in which Thomas was awarded compensation for eight weeks' temporary total disability and for eight per cent. permanent partial disability to the right hand. To review the above-described order and award, the petitioners herein have commenced this action.

Petitioners urge that the award should be vacated for the reason that:

"The State Industrial Commission was without jurisdiction to make and enter its order and award in favor of the claimant for the reason that the employer's business was not subject to nor covered by the Workmen's Compensation Act of the state of Oklahoma."

Under this proposition petitioners urge that the Indian Hills Country Club was not operated for profit, and that therefore the employment of the claimant Thomas does not come within the terms of the Workmen's Compensation Law.

Petitioners rely upon subdivision 5 of section 13350, O. S. 1931, which reads as follows:

"'Employment' includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain."

Petitioners also rely upon the rule that an employee must show that the employment in which he was engaged is one of the hazardous employments listed in section 13349, O. S. 1931, as defined by section 13350, supra, before he is entitled to compensation.

In the recent case of Enid Cemetery Association v. Grace, 177 Okla. 320, 59 P. (2d) 284, this court said in paragraphs 1 and 2 of the syllabus:

"In order for the State Industrial Commission to have jurisdiction to award compensation to an employee and against an employer or insurance carrier for an accidental personal injury arising out of and in the course of his employment, such employment must be in one of the industries, plants, factories, lines, occupations, or trades mentioned in section 13349, O. S. 1931; or the facts must bring the branch or department of the business under said section governed by the phrase 'hazardous employment', as defined in section 13350, O. S. 1931. City of Duncan et al. v. Ray et al., 164 Okla. 205, 23 P. (2d) 694.

"The presumptions arising by virtue of section 13361, O. S. 1931, have no application when testimony of claimant before the State Industrial Commission discloses that his employment was not in any of the businesses, trades, or occupations included in and covered by the provisions of the Workmen's Compensation Act."

In the recent case of Harris v. Wallace, 172 Okla. 349, 45 P. (2d) 89, the court said in the syllabus:

"Where an employer is engaged in a nonhazardous business, and employs some one to perform labor for him of a hazardous nature as an incident to such nonhazardous business, but not in the conduct of same for pecuniary gain, such employee, if injured, does not come within the provisions of the Workmen's Compensation Act, for subsection 5 of section 13350, O. S. 1931, provides:

" ' "Employment" includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain.' "

The above quoted syllabus was taken verbatim from the case of Meyer & Meyer v. Davis, 162 Okla. 16, 18 P. (2d) 869, in which the court quoted with approval the holding of the court in Maryland Casualty Co. v. Stephenson, 143 Okla. 285, 288 P. 954, wherein the court said in the syllabus:

"The claimant herein is not included within the Workmen's Compensation Act of this state because his employer, the Lincoln Park Golf Club Company, was not engaged in a trade, business, or occupation carried on for pecuniary gain."

The order granting the award is vacated, with directions to dismiss the cause.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS and GIBSON, JJ., concur. RILEY, BAYLESS, BUSBY, and WELCH, JJ., absent.