## KLEIN v. STATE INDUSTRIAL COMMISSION et al.

No. 27471.   Dec. 14, 1937.

Yancey & Spillers, for petitioner.

Butler, Brown & Rinehart, Jas. C. Cheek, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The parties will be referred to as petitioner and respondent.

On the 28th day of August, 1936, the State Industrial Commission denied the petitioner an award for an injury received while he was engaged in manual labor on the premises owned by the Braniff Investment Company in Tulsa, Okla. Petitioner testified that the Braniff Investment Company had charge of several different properties, and that his employment was that of landscaping and tree surgery. On the 22nd day of January, 1936, he was employed by the Braniff Investment Company by their Mr. Parks to cut down a tree at 109 South Utica street, a residence in Tulsa, Okla. He and a fellow workman took the tree down and while attempting to load it on a trailer petitioner sustained an injury resulting in a hernia.

The order denying the award must be affirmed. In Enid Cemetery Ass'n v. Grace, 177 Okla. 320, 59 P. (2d) 284, we said:

"In order for the State Industrial Commission to have jurisdiction to award compensation to an employee and against an employer or insurance carrier for an accidental personal injury arising out of and

in the course of his employment, such employment must be in one of the industries, plants, factories, lines, occupations, or trades mentioned in section 13349, O. S. 1931; or the facts must bring the branch or department of the business under said section governed by the phrase 'hazardous employment', as defined in section 13350, O. S. 1931. City of Duncan et al. v. Ray et al., 164 Okla. 205, 23 P. (2d) 694.

"The presumptions arising by virtue of section 13361, O. S. 1931, have no application when testimony of claimant before the State Industrial Commission discloses that his employment was not in any of the businesses, trades, or occupations included in and covered by the provisions of the Workmen's Compensation Act."

In Central Surety & Ins. Co. v. State Industrial Commission, 180 Okla. 383, 69 P. (2d) 1036, it is said:

"The State Industrial Commission is without jurisdiction to make an award of compensation under the terms of the Workmen's Compensation Law of this state, except in cases wherein it is made to appear that the employer is engaged in one of the classes of industries, plants, factories, lines, occupations, or trades mentioned in said act. Veazey Drug Co. v. Bruza, 169 Okla. 418, 37 P. (2d) 294."

It will be seen that later cases classify the general employment under the statute, sections 13349-13350, O. S. 1931, without regard to the particular duties of the employee at the time of the injury, except to determine from the nature of said duties whether at the time of the injury the said employee was doing manual or mechanical labor incident to or connected with one of the employments listed in and covered by the Workmen's Compensation Law. Sims v. St. Anthony Hospital, 180 Okla. 385, 69 P. (2d) 1040; Mobley v. Brown, 151 Okla. 167, 2 P. (2d) 1034; Hardy Sanitarium v. De Hart, 164 Okla. 29, 22 P. (2d) 379; Rose Hill Burial Park v. Garrison, 176 Okla. 355, 55 P. (2d) 1045; Wilson & Co. v. Musgrave, 180 Okla. 246, 68 P. (2d) 846; Pemberton Bakery v. State Industrial Commission, 180 Okla. 446, 70 P. (2d) 98. In Wilson & Co. v. Musgrave, supra, it is said:

"When the work of an employee is manual or mechanical and is connected with, incident to, and an integral part of a business or industry enumerated in and defined as hazardous by the Workmen's Compensation Law, such employee is both protected and bound by the provisions of said act notwithstanding the fact that such work may be performed in a room or place or under conditions not inherently hazardous."

In Pemberton Bakery v. State Industrial Commission, supra, it is said:

"Therefore, irrespective of decisions relied upon (Choctaw Cotton Oil Co. v. Hall, 163 Okla. 288, 21 P. [2d] 1059; Padfield v. Atlas Supply Co., 167 Okla. 364, 29 P. [2d] 958; Clinton Cotton Oil Co. v. Holdman, 174 Okla. 423, 50 P. [2d] 732; City of Duncan v. Ray, 164 Okla. 205, 23 P. [2d] 694; Southwestern Cotton Oil Co. v. Spurlock, 166 Okla. 97, 26 P. [2d] 405; McQuiston v. Sun Co., 134 Okla. 298, 272 P. 1016; Russell Flour & Feed Co. v. Walker, 148 Okla. 164, 298 P. 291; Beatrice Creamery Co. v. State Industrial Commission, 174 Okla. 101, 49 P. [2d] 1094), which have had a tendency to break down into integral parts, businesses embraced within the act, this court is of the opinion that a liberal construction must be given the remedial legislation. It is for the court to interpret the law, not to make it.

"Under the rule announced in Wilson & Co. v. Musgrave, 180 Okla. 246, 68 P. (2d) 846, the work of an employee performed as an integral part of a business covered by the Workmen's Compensation Act, at another place from the principal business, falls within the provisions of the act.

"'When the work of an employee is manual or mechanical and is connected with, incident to, and an integral part of business or industry enumerated in and defined as hazardous by the Workmen's Compensation Law, such employee is both protected and bound by the provisions of said act notwithstanding the fact that such work may be performed in a room or place or under conditions not inherently hazardous'."

Petitioner attempts to classify the employment in which he was engaged at the time of the accidental injury as logging. Respondent was not engaged in logging. Petitioner's employment is not listed in any of the employments otherwise covered by the Workmen's Compensation Law.

The order denying the award is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, GIBSON, and HURST, JJ., concur. RILEY, CORN, and DAVISON, JJ., absent.