## OAK DRILLING CO. et al. v. GIBBONS et al.

No. 27912.   Oct. 11, 1938.

Rehearing Denied Nov. 1, 1938.

Gibson & Savage, for petitioners.

Hamilton & Clendinning, Ratner, Mc-Alester & Maddox, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Oak Drilling Company and its insurance carrier, hereafter referred to as petitioners, to obtain a review of an order and award made by the State Industrial Commission in favor of Ed Gibbons, hereafter referred to as respondent.

The essential facts are not in dispute. On April 25, 1936, respondent had been in the employ of the petitioner Oak Drilling Company for a period of four days at a daily wage of $5 when he sustained an accidental personal injury arising out of and in the course of his employment. The accident was promptly reported to the State Industrial Commission by both the petitioners and the respondent, but no effort was made to place the commission's machinery in motion. The petitioners recognized their liability to the respondent, under the Workmen's Compensation Law, and undertook to discharge the same by furnishing respondent with necessary medical care and attention and payment of compensation. Payment of compensation for temporary total disability resulting was made at the rate of $18 per week until October 24, 1936. Thereafter, on November 12, 1936, the petitioners applied to the commission for an order authorizing them to discontinue any further payment of compensation. In this application the pe-

titioners pleaded payment by them of all compensation due respondent as a result of his temporary total disability, and alleged that the respondent had fully recovered from his injury and asked that the commission hear them on this question. Several hearings were conducted on this application, and upon the conclusion thereof the commission made and entered the order and award which we are now called upon to review. In this order the commission found that the average daily wage of the respondent at the time of his injury was $5; that his period of temporary total disability did not end until December 22, 1936; directed payment of compensation for the entire period of temporary total disability at the rate of $18 per week, less any sums theretofore paid by the petitioners, and reserved for further determination the question of any permanent injury.

The petitioners urge that the finding made by the commission with respect to the average daily wage of the respondent is without the support of any competent evidence, and that therefore the weekly rate of compensation for temporary total disability is without any proper basis. In this connection the petitioners apparently overlooked the nature of the proceeding before the commission and the effect of the order made which is now under review. The proceeding before the commission was not one to determine whether the respondent had been injured and was entitled to compensation therefor, or the nature of disability which he sustained, or the rate of compensation to be paid, but rather to determine solely whether the admitted temporary total disability of the respondent had ceased, and, if so, when? See Davon Oil Co. v. State Industrial Commission, 177 Okla. 612, 61 P.2d 579.

The petitioners by their application to discontinue further payment of compensation gave the commission to understand and be informed that the respondent had sustained a compensable injury, and that the rate of compensation to which he was entitled was the maximum provided by statute, or $18 per week, and that compensation had been paid on that basis, and that the only question over which there was any controversy was whether the respondent had recovered from his admitted temporary total disability or not. The commission was, therefore, not called upon to apply any of the provisions of section 13355, O. S. 1931, hence the cases of Cosmos Min-

588

ing Co. v. State Industrial Commission, 101 Okla. 283, 225 P. 720; Board of County Commissioners of Tulsa County v. Bilby, 174 Okla. 199, 50 P.2d 398; Tulsa Rig, Reel & Mfg. Co. v. Case, 176 Okla. 262, 55 P.2d 777, cited by the petitioners as authority for the method to be pursued and the evidence required to sustain a finding as to the average daily wage of an employee, are not in point. The finding of the commission with respect to the average daily wage, therefore, constitutes merely surplusage.

The medical evidence before the commission, with respect to whether the respondent's temporary total disability had terminated or not, and which was the only question properly before the commission, was in conflict.

The commission found from the competent evidence before it that the respondent's temporary total disability had terminated on December 22, 1936, and not on October 24, 1936, as claimed by the petitioners, and in so doing the commission acted entirely within its province. Hubbard Drilling Co. v. Moore, 158 Okla. 130, 12 P.2d 897; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P.2d 847. The commission in the order now under review found in substance that the petitioners had failed to sustain the burden resting upon them under their application to discontinue further payment. We are of the opinion that the order so made finds ample support in the competent evidence adduced before the commission, and that, therefore, such order should not be disturbed.

Order sustained.

OSBORN, C. J., and WELCH, CORN, GIBSON, and HURST, JJ., concur.