## R. S. SMITH CONSTRUCTION CO. et al. v. SWINDELL et al.

No. 28589. March 28, 1939.

Rehearing Denied May 2, 1939.

Gibson & Savage and Sam Glassman, for petitioners.

Tom C. Waldrep, Shelton Skinner, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The petitioner R. S. Smith Construction Company is engaged in the highway construction work. The respondent Eugene Swindell is a laborer, and at the time of the injury was engaged in driving a caterpillar tractor for the R. S. Smith Construction Company.

On October 3, 1936, the respondent, while working on the highway of the state of Oklahoma, near Shawnee, Okla., sustained an accidental injury when he crushed his leg and foot when the caterpillar tractor turned over. Various reports were made to the State Industrial Commission, and after the report of initial payment for temporary total disability, the respondent filed his first notice of injury on October 28, 1936. Thereafter total temporary disability was paid to and including January 11, 1938, and on March 4, 1938, the matter

came on for its first hearing before the commission. There were subsequent hearings on March 30, April 1, and April 11, 1938. Following all of these hearings, on April 19, 1938, the State Industrial Commission entered an award for temporary total disability. Petitioners seek to vacate the award.

It is first urged that there is no competent evidence that the respondent was engaged in hazardous employment. Petitioners did not deny that respondent was engaged in hazardous employment in the proceedings before the State Industrial Commission. They admitted that the respondent was employed by the petitioner R. S. Smith Construction Company, who was engaged in the operation of tractors in highway construction work. There is competent evidence that the employment of the respondent was hazardous. Where the injured employee has filed a claim listing an employment declared hazardous by sections 13349 and 13350, O. S. 1931 (85 Okla. St. Ann. secs. 2, 3), in the absence of a denial by the employer, a presumption arises that the work of the employee was hazardous, and the admission of the employer as to the nature of the work may be considered by the State Industrial Commission in making its findings. Maryland Casualty Co. v. Johnson, 134 Okla. 174, 272 P. 833; Cowan v. Watson, 148 Okla. 14, 296 P. 974; Continental Baking Co. v. Campbell, 176 Okla. 218, 55 P.2d 114; Sterling Milk Products Co. v. Underwood, 167 Okla. 361, 29 P.2d 937; section 13361, O. S. 1931, 85 Okla. St. Ann. sec. 27; Protho v. Nette, 173 Okla. 114, 46 P.2d 942; Enid Cemetery Ass'n v. Grace, 177 Okla. 320, 59 P.2d 284; Dillon v. Dillman, 133 Okla. 273, 272 P. 373.

Petitioners allege that there is no competent evidence of temporary total disability. Physicians testified that the leg had not healed, and that the respondent has a back injury that had not reached a degree of permanency at the date of the last hearing, and that the respondent is unable to perform manual labor because of the disability. The decision of the State Industrial Commission is final as to all questions of fact where there is competent evidence reasonably tending to support such finding. Magnolia Pet. Co. v. Ellis, 169 Okla. 58, 35 P.2d 958. It is a settled rule that where the injuries complained of are of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be determined by the testimony of skilled and professional persons. Hollis v. Mid-Continent Pet. Corp., 174 Okla. 544, 51 P.2d 498; Fain Drilling Co. v. Deatherage, 179 Okla. 409, 65 P.2d 1212; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P.2d 847; Superior Oil Co. v. Swimmer, 177 Okla. 396, 60 P.2d 734.

Petitioners allege that they had no notice of an injury to the back. The issue of notice was never raised by the petitioners before the State Industrial Commission; therefore, it is not necessary to determine whether the statutory written notice required by section 13358, O. S. 1931 (85 Okla. St. Ann. sec. 24), had been given. Neither was it necessary under such circumstances for the State Industrial Commission to make a finding excusing the giving of the statutory notice. Anderson & Prichard v. Pyle, 159 Okla. 188, 14 P.2d 938; Protho v. Nette, supra.

Petitioners next urge that there is no competent evidence to sustain the finding of the State Industrial Commission that the respondent's rate of compensation should be $15.39 per week. Respondent had worked but two hours when the accident occurred. There is competent evidence in the record that an employee of the same class working substantially the whole of the year was paid $5 per day. The State Industrial Commission found that the average daily wage of the injured employee was $4 per day. Subdivision 2 of section 13355, O. S. 1931 (85 Okla. St. Ann. sec. 21), was properly applied by the State Industrial Commission in determining the rate of compensation. There is competent evidence to sustain the finding based upon such average daily wage. Acme-Semi-Anthracite Coal Co. v. Manning, 178 Okla. 420, 63 P.2d 76; Westgate Oil Co. v. Matthews, 176 Okla. 346, 55 P.2d 1043.

Finally petitioners allege that the State Industrial Commission was without jurisdiction to make a finding as to the rate of compensation for the reason that there had been a previous determination of the rate of compensation in the payment of temporary total disability above referred to in the sum of $13.32 per week. Petitioners cite in support of this, Davon Oil Co. v. State Industrial Commission, 177 Okla. 612, 61 P.2d 579; Oak Drilling Co. v. Gibbons, 183 Okla. 586, 83 P.2d 816. We think these cases are readily distinguishable from the case at bar. Davon Oil Co. v. State Industrial Commission, supra, held that the rate of com-

pensation had already been determined in a prior adjudication. In Oak Drilling Co. v. Gibbons, supra, the petitioner filed an application for an order to discontinue payments for temporary total disability, and the court held that the issue was whether or not temporary total disability had ceased, and that the issue of the rate of compensation was not involved. In the case at bar, after the petitioners had filed notice of discontinuing the payments for total temporary disability, respondent filed his application to determine the extent and nature of the disability. The commission therefore had before it all the issues involved, and had complete authority and jurisdiction to determine the nature and extent of the disability and the rate of compensation. Mullman v. Hirschler, 184 Okla. 318, 87 P.2d 162.

The award of the State Industrial Commission is affirmed.

BAYLESS, C. J., and OSBORN, CORN, HURST, and DANNER, JJ., concur.