NU WAY FROSTED FOOD MARKET v. STATE INDUSTRIAL COMMISSION et al.

No. 31358. Feb. 1, 1944.

*145 P. 2d 432.*

Lillard & Tant, of Oklahoma City, for petitioner.

Hatcher, Hatcher & Taylor, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Nu Way Frosted Food Market, a corporation, hereinafter referred to as petitioner, to obtain a review of an award made by trial commissioner of the State Industrial Commission in favor of James G. Westerman, hereinafter referred to as respondent.

On December 11, 1942, respondent while in the employ of petitioner as a butcher sustained an accidental personal injury when he caught his right hand in an electrically operated sausage mill. The petitioner furnished necessary medical attention and paid compensation for the period of temporary total disability which ensued. On December 15, 1942, respondent filed with the State Industrial Commission employee's

first notice of injury and claim for compensation under the provisions of the Workmen's Compensation Act. Petitioner made no denial whatsoever of liability.

The evidence adduced at hearings held to determine liability and extent of disability was confined to the degree of permanent disability which had resulted from the injury. The competent evidence upon this issue was in conflict. The medical evidence of respondent tended to establish a percentage of permanent partial disability of the right hand, whereas that of petitioner tended to establish its contention that the injury had resulted in no permanent partial disability. Upon the evidence, substantially as above narrated, the trial commissioner made the following findings of fact:

"That on the 11th day of December, 1942, claimant was in the employ of the respondent and engaged in a hazardous occupation, subject to and covered by provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental personal injury, arising out of and in the course of his employment, consisting of an injury to the second, third and fourth fingers on his right hand.

"That by reason of said accidental injury, claimant was temporarily totally disabled from December 11, 1942, to February 11, 1943; from the performance of ordinary manual labor or a period of nine weeks beyond the five-day waiting period, for which period he is entitled to compensation at the rate of $18 per week, less any sum or sums heretofore paid.

"That the average weekly wages of the claimant at the time of said accidental injury were $40.

"That as a further result of said accidental injury claimant sustained a 55% permanent partial disability to the second, 55% to the third, and 25% to the fourth fingers of his right hand, which is equivalent to 18.75 per cent permanent partial disability to the left hand."

The trial commissioner awarded compensation for temporary total disability and for 18.75 per cent permanent partial disability of the hand.

As grounds for the reversal of said award petitioner contends that there was no evidence that respondent was injured in a compensable employment, and that the evidence was insufficient to support the award for a permanent partial disability. The primary contention of the petitioner rests upon the fact that there was no testimony relative to the nature of the business in which petitioner was engaged and in which respondent was employed at the time of his injury other than that respondent was employed as a butcher and was injured in an electrically operated sausage mill. Petitioner contends that this ipso facto rendered the injury a noncompensable one. In support of the contention so made petitioner directs our attention to Hurley v. O'Brien, 192 Okla. 490, 137 P. 2d 592. An examination of the case cited will reveal that it is wholly without application to the facts here involved. There it was contended that the employment was a noncompensable one. Here there was no contention to that effect and neither was there any substantial evidence which would justify such conclusion. On the contrary, at the hearing held to determine liability the parties treated as admitted the fact that the injury had occurred in a compensable employment and directed their evidence solely to the degree of impairment which had resulted from the injury. 85 O. S. 1941 § 27 provides in part as follows:

"In any proceeding for the enforcement of a claim for compensation under this act it shall be presumed, in the absence of substantial evidence to the contrary: (1) that the claim comes within the provisions of this act."

Under the above-quoted statute the presumption prevails that the injury which respondent had sustained had been received in a compensable employment and did not require evidence to that effect. See R. S. Smith Const. Co. v. Swindell, 185 Okla. 35, 89 P. 2d 947; Spurrier Lumber Co. v. Cook, 159 Okla. 186, 14 P. 2d 686; Dillon v. Dillman, 133

Okla. 273, 272 P. 373. The primary contention of the petitioner, therefore, rests upon an unjustifiable assumption and cannot be sustained.

The contention of the petitioner relative to the insufficiency of the evidence to support an award for permanent partial disability to the hand is based, not so much upon the sufficiency of the evidence, but rather upon the weight which should be given to the testimony of the qualified witnesses, it being the contention of the petitioner that under its medical evidence it was shown that respondent had no permanent partial disability. Petitioner thus, in effect, requests that we weigh the medical evidence and substitute our judgment thereon for that of the commission. This we will not do. It is thoroughly settled that where the extent of a disability is to be determined, this constitutes a question of fact which is to be decided by the State Indusrial Commission as any other question of fact is decided. The fact that the issue is one which must be determined from the testimony of skilled and professional persons does not alter the situation. The commission is still at liberty to determine the credibility of the witnesses and the weight to be given to their testimony. Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847.

The award under review is one which the State Industrial Commission had jurisdiction to make and the record which has been brought here presents no error of law. Under these circumstances it becomes our duty to sustain the award.

Award sustained.

CORN, C.J., GIBSON, V.C.J., and BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY and OSBORN, JJ., absent.