OKLAHOMA TIRE & SUPPLY COM-
PANY, Petitioner,

v.

W. E. SUMMERLIN and State Industrial
Commission, Respondents.

No. 36595.

Supreme Court of Oklahoma.

Nov. 1, 1955.

Rehearing Denied Nov. 29, 1955.

Samuel H. Minsky, Tulsa, for petitioner.

H. Tom Kight, Jr., Claremore, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

On the 23rd day of February, 1954, W. E. Summerlin, hereinafter called claimant, filed his first notice of injury and claim for compensation, stating that he sustained two separate injuries to his back, one on September 13, 1953, and one on December 9, 1953, while driving a delivery truck for petitioner, Oklahoma Tire & Supply Company. The State Industrial Commission entered an award in part as follows:

"That all jurisdictional questions have been established by prior order of the Trial Commissioner of May 17, 1954, which order fixed the date of claimant's injury as December 9, 1953, and claimant's rate of compensation at $28.00 per week; and found that claimant had lost no compensable time by reason of said injury.

"Said order being final as to all the above matters, the matter now comes on for determination of claimant's permanent partial disability only.

"That claimant has sustained 10 per cent permanent partial disability to his body as a whole, by reason of his said back injury sustained on December 9, 1953, for which he is entitled to compensation for 50 weeks at $28.00 per week, or the total sum of $1400.00, of which 8 weeks have accrued to June 23, 1954, and shall be paid in a lump sum of $224.00, balance of award at $28.00 per week from June 23, 1954."

By reference to said order it will be seen that there was a former order which eliminated the claimed accident of September 13, 1953, as a contributing cause to the disability sustained by claimant.

This proceeding is brought by petitioner to review the award. The evidence of claimant consisted of his own testimony insofar as it disclosed the cause of the accidental injury. He stated he was driving a delivery truck for Oklahoma Tire & Supply Company from one of the stores to another store and from the warehouse to one of the retail stores.

 The first proposition is that the State Industrial Commission erred in entering the award for the reason the record discloses that claimant's employment was not in one of the lines or industries covered by the Workmen's Compensation Law. 85 O.S.1951 §§ 2 and 3. We think this proposition is determinative of the issues presented. We agree that the award should be vacated and the claim dismissed. An employee of a retail store is not an employee engaged in a hazardous employment within the definition of the Workmen's Compensation Law, supra. Mobley v. Brown, 151 Okl. 167, 2 P.2d 1034, 83 A.L.R. 1014; Veazey Drug Co. v. Bruza, 169 Okl. 418, 37 P.2d 294; Great Atlantic & Pacific Tea Co. v. McHan, 162 Okl. 8, 18 P.2d 875; Rorabaugh-Brown Dry Goods Co. v. Mathews, 162 Okl. 283, 20 P.2d 141; Sears, Roebuck & Co. v. Baker, Okl., 286 P.2d 272.

Claimant argues that the presumption under 85 O.S.1951 § 27 requires that the award be sustained for the reason that it is unnecessary for claimant to offer evidence in support of a proposition that the employment is hazardous and that the statement of claimant without any positive testimony of the employer as to the nature of the business does not constitute substantial evidence to the contrary.

In Enid Cemetery Ass'n v. Grace, 177 Okl. 320, 59 P.2d 284, 285, it is stated:

"The parties concede that the question of jurisdiction in this case must stand or fall on respondent's own testimony concerning his employment. This testimony establishes the fact that his employer was a cemetery association conducting and operating a cemetery and burial ground, and that respondent was employed as a manual laborer in connection therewith. This evidence definitely established the fact that respondent's employer was not engaged in any of the enumerated businesses, trades, or occupations mentioned in section 13349, O.S.1931, and that his employment was not hazardous as defined by section 13350, O.S.1931. Thus the State Industrial Commission had before it positive testimony which negatived the presumption which might have been invoked under section 13361, O.S.1931, and which testimony renders inapplicable the rule relative to presumption as announced by us in Dillon v. Dillman, 133 Okl. 273, 272 P. 373; Maryland Casualty Co. v. State Industrial Comm., 141 Okl. 202, 284 P. 644; Bishop v. Wilson, 147 Okl. 224, 296 P. 438 and Petroleum Chemical Corp. v. State Industrial Comm., 154 Okl. 67, 6 P.2d 775."

This case was followed in Klein v. State Industrial Commission, 181 Okl. 395, 74 P.2d 386.

Claimant cites in support of his proposition Nu Way Frosted Food Market v. State Industrial Commission, 193 Okl. 493, 145 P.2d 432. We are completely in accord with the rule announced in that case. However, it has no application to the facts and circumstances in the case under consideration. Herein the employer raised the issue that it was engaged in operating retail stores. It offered substantial evidence in accordance with the rule announced in Enid Cemetery Ass'n v. Grace, supra, to establish that it operated retail stores. There is no evidence to the contrary. At the conclusion of all of the evidence petitioner renewed its request that the award be denied for the reason that it was the operator of retail stores. Under the rule announced in Enid Cemetery Ass'n v. Grace, and Klein v. State Industrial Commission, supra, the record contains substantial evidence to overcome the presumption raised by 85 O.S.1951 § 27. See, also, in this connection, Mobley v. Brown, supra.

Since the first proposition presented by petitioner is conclusive of the issues presented, it is unnecessary to determine the remaining issues.

The award of the State Industrial Commission is vacated and the cause remanded to the State Industrial Commission with directions to dismiss the claim.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY and HUNT, JJ., concur.

CORN, J., dissents.