James W. STEPHENS, Petitioner,

v.

OKLAHOMA STEEL CASTINGS CO., Insurance Company of North America and the State Industrial Court, Respondents.

No. 42317.

Supreme Court of Oklahoma.

Sept. 19, 1967.

James G. Davidson, Tulsa, for petitioner.

Green, Feldman & Hall, Tulsa, G. T. Blankenship, Atty. Gen., for respondents.

HODGES, Justice.

This is an original proceedings brought by the petitioner, claimant below, to review an award of the State Industrial Court entered in his favor under the provisions of the Occupational Disease Amendment to the Workmen's Compensation Act, 85 O.S. 1961, § 3, subdivs. 7 and 16. Parties will be referred to as they appeared before the State Industrial Court. Claimant contends that certain fundamental errors occurred during the trial which resulted in his receiving an inadequate award for his disability.

Claimant was employed by the respondent from 1943 until March 1, 1963. During the period of his employment claimant contends he was exposed to the breathing of dust containing toxic particles enumerated in the Occupational Disease Statute, 85 O.S.1961, § 3, subdiv. 16.

The first hearing occurred on August 12, 1963, before Judge Harry V. Rouse. The testimony of the claimant and his family doctor was taken. Respondent's medical reports were submitted in evidence. Judge Rouse resigned as a member of the Industrial Court before completing the trial or the entering of an award in the case.

On July 21, 1965, a representative of the State Industrial Court wrote the attorney for the claimant a portion of the letter reading as follows:

"* * * I have been requested by Judge Swank, Presiding Judge of the Court, to write and advise you this case can either be retried before another member of the Court or a transcript prepared, at the expense of respondent and insurance carrier, and the case reassigned to another Judge for final disposition."

On July 22, 1965, the attorney for the claimant wrote Judge A. R. Swank, Jr., presiding judge of the State Industrial Court as follows:

"This case is an extremely difficult type of case, being an occupational disease matter, and there were rulings on the production of evidence by Judge Rouse which were never complied with by the Respondent. Also, the plaintiff's doctors

actually appeared in court, and it would be our purpose to have our doctors appear at any subsequent trial. Therefore we would request that the case be retried rather than decision made upon the present transcript."

A second trial of the case occurred on February 1, 1966, before another member of the court. At the opening of the trial the attorney for the claimant stated that the Industrial Court had advised him that the case "could either be submitted on the record, the transcript, if the parties agree or could be re-tried"; that he promptly advised the court that he desired a retrial of the case and was ready "to proceed in that fashion." The trial judge replied, "if you have anything new to offer, I will hear any new evidence that you have, I am not going to go back and hear all this other stuff again. I have read it over, and its all been transcribed."

Our statute specifically provides that except upon agreed orders, trials before the Industrial Court shall insofar as possible be before one judge. 85 O.S.1961, § 77, subdiv. 9, provides:

"The Commission shall adopt such rules as may be necessary to insure the following procedure; the evidence pertaining to all cases, except upon agreed orders, shall, insofar as may be possible, be heard by one and the same Commissioner. * * "

Respondent cites Knapp v. State Industrial Commission, 195 Okl. 56, 154 P.2d 964. We have examined the record in the case cited. Claimant with his attorney voluntarily appeared before three different members of the Industrial Commission. He made no objection to portions of the trial being tried before three different commissioners. He waived his right to have the case tried before one commissioner. The case is not controlling here as claimant in the present case at all times insisted that the case be tried de novo.

In the present case the witnesses who testified at the prior hearing were available and claimant's attorney was insisting that they be permitted to testify. There was no evidence that the case could not be tried de novo.

■ The personal appearance of a witness before the trier of the facts is of far greater value than a deposition of the witness or a transcript of testimony from a prior hearing. It affords the judge an opportunity to appraise the fairness and demeanor of the witness.

■■ We have held in many cases that this court will not review conflicting evidence on nonjurisdictional questions of fact to determine the weight and value thereof if the Industrial Court's findings thereon are supported by competent evidence. Quality Materials Co. v. Payne, Okl., 405 P.2d 51; LeFlore County Wholesale Grocery v. Heavener, Okl., 400 P.2d 167. We have also held that the State Industrial Court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, Nu Way Frosted Food Market v. State Industrial Commission, 193 Okl. 493, 145 P.2d 432; Chapman v. Selby, 192 Okl. 399, 136 P.2d 934; J. E. Smith & Sons v. Bay, 186 Okl. 544, 99 P.2d 152. These rules are firmly grounded on the principle that the trial judge had the witnesses before him. With this opportunity of observing their demeanor the trial judge is in a better position to pass upon the credibility of the witnesses than a reviewing court. The above principles of law are basically sound but are materially weakened if the trial court declines to hear the oral testimony of witnesses.

■ We believe that the interests of litigants before the State Industrial Court will be better served by granting the litigants a trial de novo before a new judge in instances where a member of the court after trying a portion of case ceases to be a member of the court before the trial of the case is completed.

The award is vacated with directions for a trial de novo.

JACKSON, C. J., and DAVISON, WILLIAMS, BERRY, LAVENDER and McINERNEY, JJ., concur.